1  R. LAWRENCE BRAGG (SBN: 119194)
   LAW OFFICE OF SHEILA F. GONZALEZ
2  2730 Gateway Oaks Drive, Suite 210
   Sacramento, CA 95833
3  Tel: (916) 923-9505
   Fax: (888) 813-3351
4  Email: labrag@safeco.com

5  Attorney for Defendant
   SAFECO INSURANCE COMPANY OF AMERICA
6

7

8              IN THE UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

10

11 JOHN MICHAEL MAC MILLAN,          Case No.: C082424 EMC

12              Plaintiff,            **MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN SUPPORT OF
13 vs.                               DEFENDANT'S MOTION TO DISMISS
                                      UNDER FED. R. CIV. P. 12(b)(6)**
14 SAFECO INSURANCE COMPANY OF
15 AMERICA,                          **DATE:  June 18, 2008
                                      TIME:  10:30 a.m.
16              Defendant.           ROOM:  C
                                      JUDGE: Magistrate Edward Chen**
17

18

19

20                            **I**

21                    **STATEMENT OF ISSUES**

22     The issue before this Court is whether defendant, Safeco

23 Insurance Company of America ("Safeco"), is a proper defendant

24 to this action. In this Motion, Safeco contends that it is an

25 improper party to this action as the insurance policy in

26 question was issued by American Economy Insurance Company.

27 Consequently, Safeco should be dismissed from this action as the

28 Complaint fails to state a claim against Safeco.

                              - 1 -

II

**STATEMENT OF RELEVANT FACTS**

This is an action for Breach of Contract arising out of a fire which started in an adjoining business and spread to and damaged the plaintiff's video rental business. The form Complaint alleges that the plaintiff sustained a loss to his business, for which he contends he has not been reimbursed under the terms of his insurance policy issued by Safeco. See Complaint at paragraph 8, attached as Exhibit A. The plaintiff alleges a single cause of action for Breach of Contract against Safeco, but did not attach the insurance policy at issue to the Complaint.

III

**ARGUMENT**

**A.   Legal Standard**

A Motion to Dismiss for failure to state a claim on which relief can be granted is authorized by FED. R. CIV. P. 12(b)(6). The purpose of a Motion to Dismiss under FED. R. CIV. P. 12(b)(6) is to test the formal sufficiency of the plaintiff's statement of the claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

Unlike other motions to dismiss under FED. R. CIV. P. 12(b), a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). A defendant's submission of supplemental materials for

-2-

consideration along with the complaint risks converting the

motion into a motion for summary judgment under FED. R. CIV. P.

56. See FED. R. CIV. P. 12(b). The Ninth Circuit, however, has

carved out exceptions to the conversion rule, which permit the

court to consider the following supplemental materials along

with the complaint without converting the motion into a motion

for summary judgment:

> (1) material, such as exhibits, properly submitted as part
> of the complaint;
>
> (2) documents that are not part of the complaint if they
> are referenced extensively in the complaint, and are
> accepted by all parties as authentic; and
>
> (3) matters of public record of which the court may take
> judicial notice under FED. R. EVID. 201.

United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Thus, when the defendant offers such materials to the court for

consideration with the motion, the court may treat the material

as part of the complaint, and therefore may assume that its

contents are true for purposes of the Motion to Dismiss under

FED. R. CIV. P. 12(b)(6). Id.

**B.    The Insurance Policy Was Issued by American Economy
Insurance Company, Not Safeco Insurance Company of America.**

A plaintiff is not required to attach to the complaint the

document on which it is based. Schwarzer et al., Cal. Practice

Guide: Federal Civil Procedure Before Trial ¶ 9:212.1, at 9-54

-3-

1    (The Rutter Group 2001). If the plaintiff fails to do so,

2    however, a defendant may attach to a Rule 12(b)(6) motion the

3    document referred to in the complaint to show that they do not

4    support the plaintiff's claim. Id.; see Branch v. Tunnell, 14

5    F.3d 449, 454 (9th Cir. 1994).

6

7         A court may consider evidence on which the complaint

8    "necessarily relies" if: (1) the complaint refers to the

9    document; (2) the document is central to the plaintiff's claim;

10   and (3) no party questions the authenticity of the copy attached

11   to the 12(b)(6) motion. Marder v. Lopez, 450 F.3d 445, 448 (9th

12   Cir. 2006). The court may treat such a document as "part of the

13   complaint, and thus may assume that its contents are true for

14   purposes of a motion to dismiss under Rule 12(b)(6)." United

15   States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). This

16   prevents "a plaintiff with a legally deficient claim from

17   surviving a motion to dismiss simply by failing to attach a

18   dispositive document on which it relied." Schwarzer et al., Cal.

19   Practice Guide: Federal Civil Procedure Before Trial ¶ 9:212.1a,

20   at 9-54 (The Rutter Group 2001), citing Pension Benefit Guar.

21   Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192,

22   1196 (3rd Cir. 1993).

23

24        In the instant case, since the plaintiff did not attach the

25   policy to the Complaint, Safeco has attached to this Motion a

26   copy of the Declaration pages of the insurance policy issued by

- 4 -

American Economy Insurance Company to the plaintiff. See Copy of

Declaration Pages to Insurance Policy, attached as Exhibit B.[1]

The attached Declaration pages are a true and correct copy

of the Declaration pages of the insurance policy to which the

Complaint refers. See Declaration of R. Lawrence Bragg. As this

is an indisputably authentic copy of the Declaration pages of

the insurance policy which is referred to in the Complaint, this

Court does not have to convert this Motion into one for Summary

Judgment. See Rose v. Chase Manhattan Bank USA, N.A., 396

F.Supp.2d 1116, 1119 (C.D. Cal. 2005).

The attached Declaration pages clearly show that the

insurance policy was issued by American Economy Insurance

Company, rather than Safeco. As Safeco did not issue the

insurance policy to the plaintiff, there is no viable cause of

action against Safeco. Consequently, Safeco should be dismissed

from this action.

**IV**

**CONCLUSION**

This Motion demonstrates that the insurance policy in

question was issued by American Economy Insurance Company,

rather than Safeco Insurance Company of America. Consequently,

Safeco should be dismissed from this action as the Complaint

---

[1] A complete copy of the insurance policy, which is more than 100 pages in length, exceeds the size limit specified by the court's efiling system. Safeco will efile a Manual Filing Notification with this Motion and serve a complete copy of the policy on the plaintiff.

1    fails to state a claim against Safeco upon which relief can be

2    granted.

3    Dated: May 13, 2008

4                                    LAW OFFICE OF SHEILA F. GONZALEZ

5

6                                    By:

7                                    R. LAWRENCE BRAGG
                                     Attorney for Defendant
8                                    SAFECO INSURANCE COMPANY OF
                                     AMERICA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
04/23/2008
CT Log Number 513349821

| | |
|---|---|
| **TO:** | Corporate Legal, CTSERV@safeco.com<br>Safeco Corporation<br>1001 Fourth Avenue, Floor 27<br>Seattle, WA 98154 |
| **RE:** | **Process Served in California** |
| **FOR:** | SAFECO Insurance Company of America (Domestic State: WA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Michael Mac Millan, Pltf. vs. Safeco Insurance Company of America, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit, Cover Sheet, Attachments, Stipulation Form, Case Management Statement Form, Notice to Plaintiff, Amendment to Complaint, Order, Certificate of Service |
| **COURT/AGENCY:** | San Francisco County- San Francisco, Superior Court, CA<br>Case # CGC07469431 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of Insurance Contract - Failed to pay full amounts owed under the contract in the event of fire damage |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/23/2008 at 09:55 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 04/25/2008 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | John Michael Mac Millan<br>1439 Haight Street<br>San Francisco, CA 94117<br>415-864-2346 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/23/2008, Expected Purge Date: 04/28/2008<br>Telephone, Corporate Legal , 206-473-5672<br>Image SOP - Page(s): 26<br>Email Notification, Corporate Legal CTSERV@safeco.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*959an*

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Safeco Insurance

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
John Michael Mac Millan

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA. 94104

CASE NUMBER:
*(Número del Caso):* CGC-07- 469433

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Michael Mac Millan
1439 Haight Street San Francisco, CA. 94117 (415) 864-2346

CRISTINA E. BARBERA

DATE:       NOV 2 1 2007        Clerk, by _____, Deputy
*(Fecha)*                       *(Secretario)*                 *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [✓] as the person sued under the fictitious name of (specify):
   Safeco Insurance *Company of America*
3. [✓] on behalf of (specify): John Michael Mac Millan
   under: [✓] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [✓] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [✓] by personal delivery on (date): 4-23-08

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>John Michael Mac Millan<br>1439 Haight Street<br>San Francisco, CA. 94117<br><br>TELEPHONE NO: (415) 864-2346     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): intovideo@aol.com<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA. 94104
BRANCH NAME:

PLAINTIFF: John Michael Mac Millan

DEFENDANT: Safeco Insurance

[ ] DOES 1 TO _____

ENDORSED
FILED
San Francisco County Superior Court

NOV 2 1 2007

GORDON PARK-LI, Clerk
BY: _____ PRISTINA S. BAUTISTA Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

APR 2 5 2008 - 9:00 AM

DEPARTMENT 212

|  | CONTRACT | |
|---|---|---|
| [✔] COMPLAINT | | [ ] AMENDED COMPLAINT (Number): |
| [ ] CROSS-COMPLAINT | | [ ] AMENDED CROSS-COMPLAINT (Number): |

**Jurisdiction** (check all that apply):
[ ] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000 but does not exceed $25,000
[✔] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:

CGC-07 - 469432

1. **Plaintiff*** (name or names):
John Michael Mac Millan
alleges causes of action against **defendant*** (name or names):
Safeco Insurance
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
[ ] except plaintiff (name):
(1) [ ] a corporation qualified to do business in California
(2) [ ] an unincorporated entity (describe):
(3) [ ] other (specify):

b. [✔] Plaintiff (name): John Michael Mac Millan
a. [✔] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):
Into Video
b. [ ] has complied with all licensing requirements as a licensed (specify):
c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
[✔] except defendant (name): Safeco Insurance     [ ] except defendant (name):
(1) [ ] a business organization, form unknown     (1) [ ] a business organization, form unknown
(2) [✔] a corporation     (2) [ ] a corporation
(3) [ ] an unincorporated entity (describe):     (3) [ ] an unincorporated entity (describe):
(4) [ ] a public entity (describe):     (4) [ ] a public entity (describe):
(5) [ ] other (specify):     (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.     Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007] | **COMPLAINT—Contract** | Code of Civil Procedure, § 425.12<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

PLD-C-001

| SHORT TITLE:<br>John Michael Mac Millan vs. Safeco Insurance | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named
          defendants and acted within the scope of that agency or employment.
      (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
          plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☑ Plaintiff is required to comply with a claims statute, **and**
   a. ☑ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☑ This action is subject to  ☑ Civil Code section 1812.10  ☐ Civil Code section 2984.4.
7. This court is the proper court because
   a. ☑ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☑ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☑ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☑ Breach of Contract
   ☐ Common Counts
   ☐ Other *(specify):*

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☑ damages of: $ 105,298.02
    b. ☐ Interest on the damages
       (1) ☐ according to proof
       (2) ☐ at the rate of *(specify):*          percent per year from *(date):*
    c. ☐ attorney's fees
       (1) ☐ of: $
       (2) ☐ according to proof.
    d. ☐ other *(specify):*

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: November 21st, 2007

John Michael Mac Millan
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]          **COMPLAINT—Contract**          Page 2 of 2

## ACTION FOR BREACH OF CONTRACT
### AFFADAVIT OF COMPLIANCE WITH CALIFORNIA CIVIL CODE SECTION 1812.10

On January 31, 2002, J. Michael Mac Millan ("Mac Millan") and Safeco Insurance Company ("Safeco") entered into a contract for Safeco to provide Fire and Liability Insurance to Into Video, a video rental business of which Mac Millan is the sole proprietor.

On November 22, 2005, a fire started in an adjoining business which caused $155,682.93 in damages to Into Video from fire, smoke, and water.

Safeco has breached the insurance contract by failing to pay Mac Millan the full amounts owed under the contract in the event of fire damage.

This action has been commenced in a superior court and court location proper for the trial of the action.  The insurance contract was entered into in San Francisco, California. Mac Millan resides in San Francisco, California, and the Safeco insured location where the damages occurred is in San Francisco, California.

Dated: November 21st, 2007

J. Michael Mac Millan
Sole Proprietor, Into Video

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Michael Mac Millan<br>1439 Haight Street<br>San Francisco, CA. 94117<br>TELEPHONE NO.: **(415) 864-2346**    FAX NO.:<br>ATTORNEY FOR *(Name):* | ENDORSED<br>F I L E D<br>*San Francisco County Superior Court*<br><br>NOV 2 1 2007<br><br>GORDON PARK-LI, Clerk<br>BY: CRISTINA E. BAUTISTA<br>*Deputy Clerk* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
  STREET ADDRESS: **400 McAllister Street**
  MAILING ADDRESS:
  CITY AND ZIP CODE: **San Francisco, CA. 94104**
  BRANCH NAME:

| CASE NAME: | |
|---|---|
| **John Michael Mac Millan vs. Safeco Insurance** | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✔ **Unlimited**<br>(Amount demanded exceeds $25,000) | ☐ **Limited**<br>(Amount demanded is $25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-07- 469432 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ✔ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* (1) Breach of Contract
5. This case ☐ is  ✔ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21st, 2007
John Michael Mac Millan
    (TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                               Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov
American LegalNet, Inc.<br>www.FormsWorkflow.com

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California
County of San Francisco**

## Introduction

**Did you know that most civil lawsuits settle without a trial?**

**And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?**

**These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.**

**In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.**

**ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.**

## Advantages of ADR

**ADR can have a number of advantages over a lawsuit.**

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

      1)    Judicial Arbitration
      2)    Mediation
      3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1  10/07 (ja)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐  Private Mediation          ☐  **Mediation Services of BASF**     ☐   **Judicial Mediation**
☐  Binding arbitration                                                    Judge _____
☐  Non-binding judicial arbitration                                       Judge _____
☐  BASF Early Settlement Program
☐  Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |

☐  *Additional signature(s) attached*

ADR-2  3/06                          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

   PLAINTIFF/PETITIONER:

   DEFENDANT/RESPONDENT:

| | **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** <br> (Amount demanded <br> exceeds $25,000) | ☐ **LIMITED CASE** <br> (Amount demanded is $25,000 <br> or less) | | |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:               Time:               Dept.:               Div.:               Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint     ☐ cross-complaint     *(describe, including causes of action)*:

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

  ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**
    Previous case management orders in this case are (check one):    ☐ none    ☐ attached as Attachment 21.

**22.** Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]        **CASE MANAGEMENT STATEMENT**        Page 4 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| <u>Party</u> | <u>Description</u> | <u>Date</u> |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David J. Ballati | The Honorable James J. McBride |
| The Honorable Anne Bouliane | The Honorable Kevin M. McCarthy |
| The Honorable Ellen Chaitin | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Harold E. Kahn | The Honorable John K. Stewart |
| The Honorable Patrick J. Mahoney | The Honorable Mary E. Wiss |
| The Honorable Tomar Mason | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

CASE NUMBER: CGC-07-469431  JOHN MICHAEL MAC MILLAN VS. SAFECO INSURANCE

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **APR-25-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

NAME, ADDRESS, TELEPHONE NUMBER OF ATTORNEY(S)

John Michael Mac Millan
1439 Haight St.
San Francisco, CA. 94117
(415) 864-2346

ATTORNEY(S) FOR:

ENDORSED
FILED
SPACE BELOW FOR COURT USE ONLY
San Francisco County Superior Court

MAR 2 6 2008

GORDON PARK-LI, Clerk
BY MARJORIE SCHWARTZ-SCOTT
Deputy Clerk

| AMENDMENT TO COMPLAINT | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | CASE NUMBER CGC-07-469431 |
| --- | --- | --- |

John Michael Mac Millan    vs.    Safeco Insurance

Plaintiff(s)                        Defendant(s)

MAR 1 7 2008

## FICTITIOUS NAME [SEC. 474 C.C.P.]

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

_____

and having discovered the true name of the said defendant to be:

_____

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____
Attorney(s) for plaintiff(s)

## INCORRECT NAME [SEC. 473 (a)(1) C.C.P.]

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of

Safeco Insurance

and having discovered the true name of the said defendant to be

Safeco Insurance Company of America

hereby amend(s) the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____
Attorney(s) for Plaintiff(s)

## ORDER

Proper cause appearing, the above amendment to the complaint is allowed.

Dated:   MAR 2 4 2008          _____
                               PETER J. BUSCH
                               Judge

                               PETER J. BUSCH

**F1011**
Rev. 12/04                     **AMENDMENT TO COMPLAINT**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| JOHN MICHAEL MAC MILLAN | **Pretrial Department 212** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| | |
| VS. | **NO. CGC-07-469431** |
| | |
| SAFECO INSURANCE | **Order Continuing Case** |
| | **Management Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The APR-25-2008 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on JUN-06-2008 in Department 212 at 9:00 AM for answer(s).

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: APR-14-2008            ARLENE T. BORICK
                              JUDGE/COMMISSIONER

Order Continuing Case Management Conference
Form 000001

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on APR-14-2008 I served the foregoing Order Continuing Case Management Conference on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Dated :   APR-14-2008                              By: JEFFREY LEE

JOHN MICHAEL MAC MILLAN
1439 HAIGHT STREET
SAN FRANCISCO, CA  94117

CERTIFICATE OF SERVICE BY MAIL
Form 000001

R. LAWRENCE BRAGG (SBN: 119194)
LAW OFFICE OF SHEILA F. GONZALEZ
2730 Gateway Oaks Drive, Suite 210
Sacramento, CA 95833
Tel: (916) 923-9505
Fax: (888) 813-3351
Email: labrag@safeco.com

Attorney for Defendant
SAFECO INSURANCE COMPANY OF AMERICA


IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| JOHN MICHAEL MAC MILLAN,<br><br>                Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                Defendant. | Case No.: C 08-02424 EMC<br><br>**MANUAL FILING NOTIFICATION**<br><br>DATE:     June 18, 2008<br>TIME:     10:30 a.m.<br>COURTROOM: C<br>JUDGE: Magistrate Edward Chen |

**MANUAL FILING NOTIFICATION**

Regarding: Exhibit B to Defendant's Motion to Dismiss

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

[x] Voluminous Document (PDF file size larger than the efiling system allows)

[_] Unable to Scan Documents

[_] Physical Object (description): _____

_____

- 1 -

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

[_] Item Under Seal

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____

_____

Dated: May 13, 2008

LAW OFFICE OF SHEILA F. GONZALEZ

By: _____
R. LAWRENCE BRAGG
Attorney for Defendant
SAFECO INSURANCE COMPANY OF
AMERICA

- 2 -

MANUAL FILING NOTIFICATION