1  MELANIE D. POPPER, ESQ. (SBN 236279)
   **THE REVELATION LAW FIRM**
2  *A Professional Corporation*
   2550 9ᵗʰ St., Suite 208A
3  Berkeley, CA 94710
   1-(510)-665-4195
4  1-(510)-665-4197(fax)
   mdp@revelationlaw.com
5

6  Attorneys for Plaintiff
   JOHN MICHAEL MAC MILLAN
7

8
                   UNITED STATES FEDERAL DISTRICT COURT
9
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  JOHN MICHAEL MAC MILLAN,        )  CASE NO. C08-02424 EMC
                                    )
12            Plaintiff,            )  **FIRST AMENDED COMPLAINT**
                                    )
13        vs.                       )  1.    BREACH OF CONTRACT – Insurance
                                    )
14  SAFECO INSURANCE COMPANY        )  2.    BREACH OF IMPLIED COVENANT OF
    OF AMERICAN, a corporation,     )        GOOD FAITH AND FAIR DEALING –
15                                  )        Insurer's
            Defendants.            )
16                                  )  3.    INTENTIONAL INTERFERENCE WITH
                                    )        CONTRACT
17                                  )
                                    )  4.    NEGLIGENT INTERFERENCE WITH
18                                  )        PROSPECTIVE
                                    )
19                                  )  5.    NEGLIGENCE
                                    )
20                                  )  6.    NEGLIGENT SUPERVISION
                                    )
21  _____ /  7.    CONVERSION

22                          **DEMAND FOR JURY TRIAL**
23
    Plaintiff JOHN MICHAEL MAC MILLAN alleges and complains as follows:
24
                          **GENERAL ALLEGATIONS**
25
            1.    Plaintiff: Plaintiff JOHN MICHAEL MAC MILLAN ("MAC MILLAN)
26
    is an individual doing business as "Into Video" and, at all times mentioned herein was also a
27
    business entity (sole proprietor) residing at 1439 Haight St., San Francisco, CA 94117.
28

                         FIRST AMENDED COMPLAINT FOR DAMAGES

1    2. Defendants:

2      (a) Plaintiff MAC MILLAN is informed and believes, and on that basis

3 alleges, that defendant SAFECO INSURANCE COMPANY OF AMERICA (hereinafter,

4 "SAFECO") is, and at all times mentioned herein was, a non-California based corporation, but

5 duly qualified and authorized to do business (and doing business) and has minimum contacts

6 in the State of California.

7        Agency Relationship

8    3. Plaintiff is informed and believes and herein alleges that, at all relevant

9 times, Defendant SAFECO was the agent or employee of American Economy Insurance.

10 Plaintiff is informed and believes and herein alleges that, at all relevant times, Defendant

11 SAFECO was the agent or employee of ServiceMaster. Plaintiff is informed and believes and

12 herein alleges that, at all relevant times, Defendant SAFECO was the agent or employee of

13 ServiceMaster of San Francisco/San Mateo.

14    4. Subject Matter Jurisdiction

15      The jurisdiction of this Court over the subject matter of this

16 action is predicated on 28 USC Sec. 1332. The amount in controversy exceeds

17 $75,000.00, exclusive of interest and costs, and the defendants filed a notice of removal

18 originally filed complaint and entire case from San Francisco Superior Court in the state of

19 California to federal court on May 12, 2008.

20    5. Venue

21      All claims asserted herein arose in this district; and, the Plaintiff resides

22 in this district.

23        **FACTUAL ALLEGATIONS**

24    6. Plaintiff MAC MILLAN entered into a written insurance policy with

25 American Economy Insurance, which was administered by and through its agent and adjuster,

26 Safeco Insurance Company of America ("SAFECO").

27    7. The written insurance policy with American Economy Insurance,

28 administered by and through its agent and adjuster, SAFECO, was in effect throughout the entire

FIRST AMENDED COMPLAINT FOR DAMAGES

1  year of 2005.

2          8.      The written insurance policy covered fire damage to Plaintiff MAC

3  MILLAN and his business Into Video.

4          9.      On November 22, 2005, Plaintiff MAC MILLAN suffered property

5  damage due to a fire which occurred near his business property located at 1439 Haight St., San

6  Francisco, CA 94117.

7          10.     In December of 2005, Plaintiff MAC MILLAN began to discuss coverage

8  issues with Defendant SAFECO's individual adjuster and employee, Kimball Hanson.

9          11.     Defendant SAFECO took responsibility for administering the written

10  insurance policy that was existing between Plaintiff MAC MILLAN and American Economy

11  Insurance as to the fire which occurred on November 22, 2005.

12          12.     Defendant SAFECO took responsibility for employing and directing

13  ServiceMaster and ServiceMaster of San Francisco/San Mateo as to the cleaning, inventorying

14  and transferring of Plaintiff's damaged goods to a safe location.

15          13.     Defendant SAFECO through its individual adjuster and employee, Kimball

16  Hanson made oral promises amounting to an oral contract with Plaintiff MAC MILLAN, on

17  behalf Defendant SAFECO, as to what items could be insured due to Plaintiff's fire damage.

18          14.     At the instruction of Defendant SAFECO and its individual adjuster and

19  employee, Kimball Hanson, Service Master and ServiceMaster of San Francisco/San Mateo

20  destroyed much of Plaintiff's unique inventory rather than transferring it to a warehouse for

21  safekeeping.

22          15.     The property disposed of by  Service Master and ServiceMaster of San

23  Francisco/San Mateo was affected without Plaintiff's consent and with gross negligence and

24  malfeasance.

25          16.     After the valuable and unique property was disposed of at the direction of

26  SAFECO, Defendant SAFECO refused to pay the full insurance coverage amount due for

27  Plaintiff's losses as to inventory and equipment, loss of revenue, computer hardware rental and

28  consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

FIRST AMENDED COMPLAINT FOR DAMAGES

1            Wherefore, Plaintiff prays for damages as set forth herein.

2                          **FIRST CAUSE OF ACTION**

3                          **FOR BREACH OF CONTRACT**

4            17.     Plaintiff realleges and incorporates by reference each and every

5  allegation contained in paragraph 1 through 16 of this complaint, and incorporates same by

6  reference as though set forth herein full.

7            18.     Defendant SAFECO has breached the policy of the insurance in that it

8  failed and refused to pay the full insurance coverage amount due under the written contract

9  between Plaintiff MAC MILLAN and American Economy Insurance.

10            19.     Defendant SAFECO was the authorized agent of American Economy

11  Insurance at all times during its interaction with Plaintiff MAC MILLAN with regards to the

12  fire on November 22, 2005.

13            20.     Defendant SAFECO also made oral promises about what would and

14  would not be covered by insurance payments while communicating with Plaintiff MAC

15  MILLAN with regards to the fire on November 22, 2005.

16            21.     As a direct and proximate result of defendant's breach its contractual

17  duties, Plaintiff has incurred damages, including special damages and costs.

18            Wherefore, Plaintiff prays for judgment against Defendant as fully set forth

19  herein.

20                          **SECOND CAUSE OF ACTION**

21  **FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

22            22.     Plaintiff realleges and incorporates by reference each and every

23  allegation contained in paragraph 1 through 21 of this complaint, and incorporates same by

24  reference as though set forth herein full.

25            23.     Defendant SAFECO has breached the policy of the insurance in that it

26  failed and refused to pay the full insurance coverage amount due under the written contract

27  between Plaintiff MAC MILLAN and American Economy Insurance, of which SAFECO

28  was an agent.

FIRST AMENDED COMPLAINT FOR DAMAGES

24.   Defendant SAFECO was the authorized agent of American Economy Insurance at all times during its interaction with Plaintiff MAC MILLAN with regards to the fire on November 22, 2005.

25.   Defendant SAFECO also made oral promises about what would and would not be covered by insurance payments while communicating with Plaintiff MAC MILLAN with regards to the fire on November 22, 2005.

26.   Implied in the insurance policy is Defendant's obligation to act fairly and in good faith with Plaintiff by promptly investigation any claims and to avoid unfairly denying Plaintiff the benefits to which it is entitled under the insurance policy issued by Defendant SAFECO and American Economy Insurance to Plaintiff MAC MILLAN.

27.   Defendant breached its obligation to act fairly and in good faith toward Plaintiff by directing ServiceMaster and ServiceMaster of San Francisco/San Mateo to destroy unique and valuable inventory and by failing to pay the full insurance value for damaged inventory, and equipment, loss of revenue, computer hardware rental and consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

28.   As a direct and proximate result of defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has incurred damages, including special damages, general damages (including emotional distress) and costs.

29.   In committing the aforementioned acts, defendant acted with oppression, fraud, and malice with the intent to willfully injure, harass, vex, and annoy Plaintiff with conscious disregard for Plaintiff's rights. Upon information and belief, all of the aforementioned alleged acts were done or ratified by Defendant's management level employees, who acted with knowledge that Defendant's conduct would cause Plaintiff harm. Plaintiff is therefore entitled to recover punitive damages pursuant to Civil Code 3294.

Wherefore, Plaintiff prays for judgment against Defendant as fully set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

# THIRD CAUSE OF ACTION

## FOR INTENTIONAL INTERFERENCE WITH CONTRACT

29.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraph 1 through 28 of this complaint, and incorporates same by reference as though set forth herein full.

30.     At all relevant times, Defendant knew of Plaintiff's existent written contract and insurance policy with American Economy Insurance.

31.     Despite knowing of this contract and existing business relationship, Defendant intentionally interfered with those contracts and business relationships by instructing ServiceMaster and ServiceMaster of San Francisco/San Mateo to destroy valuable inventory belonging to Plaintiff MAC MILLAN. Had Defendant not engaged in such conduct, Plaintiff could have more easily identified the value of the destroyed items.

32.     Defendant SAFECO also failed to pay coverage amount per the insurance policy as to damaged inventory and equipment, loss of revenue, computer hardware rental and consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

33.     Defendant SAFECO's actions negatively affected Plaintiff's contract between Plaintiff and American Economy Insurance.

34.     As a direct and proximate result of defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has incurred damages, including special damages, general damages (including emotional distress) and costs.

35.     In committing the aforementioned acts, defendant acted with oppression, fraud, and malice with the intent to willfully injure, harass, vex, and annoy Plaintiff with conscious disregard for Plaintiff's rights. Upon information and belief, all of the aforementioned alleged acts were done or ratified by Defendant's management level employees, who acted with knowledge that Defendant's conduct would cause Plaintiff harm. Plaintiff is therefore entitled to recover punitive damages pursuant to Civil Code 3294.

Wherefore, Plaintiff prays for judgment against Defendant as fully set forth

FIRST AMENDED COMPLAINT FOR DAMAGES

1  herein.

2

3                          **FOURTH CAUSE OF ACTION**

4        **FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC**

5                                  **ADVANTAGE**

6              36.    Plaintiff MAC MILLAN repeats, realleges and incorporates herein by

7  reference each and every allegation set forth in paragraphs 1 through 35 above, as if set forth

8  herein in full.

9              37.    Defendant SAFECO knew of Plaintiff's ongoing business relationships

10  with American Economy Insurance, and that it relied on American Economy Insurance in

11  case of fire damage to Plaintiff's property.

12              38.    Through their failure to effectively apply insurance policy and directing

13  the cleaning company to destroy valuable property, Defendant has interfered with

14  prospective advantage of Plaintiff pursuant to the insurance policy with American Economy

15  Insurance.

16              39.    As a direct result of Defendants' negligent interference, Plaintiff has

17  been damaged in an amount according to proof at trial.

18              40.    Wherefore, Plaintiff prays for judgment against Defendant in

19  accordance with the Prayer for Relief as set forth below.

20                          **FIFTH CAUSE OF ACTION**

21                              **FOR NEGLIGENCE**

22              41.    MAC MILLAN repeats, realleges and incorporates herein by

23  reference each and every allegation set forth in paragraphs 1 through 40, above, as if set

24  forth herein in full.

25              42.    Based on the conduct alleged herein, Defendant SAFECO negligently,

26  careless, recklessly, wantonly, and unlawfully followed policies and procedures and

27  proximately caused Plaintiff to be deprived of valuable and unique property which was

28  supposed to be kept for safekeeping by Defendant SAFECO and its agent or employee,

FIRST AMENDED COMPLAINT FOR DAMAGES

1    ServiceMaster and ServiceMaster of San Francisco/San Mateo.

2           43.     As a direct and proximate result of the negligence, carelessness,

3    recklessness, wantonness, and unlawfulness of Defendant, Plaintiff has suffered severe

4    damages in an amount within the jurisdiction of this Court and to be shown according to

5    proof.

6           44.     Wherefore, Plaintiff prays for judgment against Defendant in

7    accordance with the Prayer for Relief indicated below.

8                          **SIXTH CAUSE OF ACTION**

9                          **FOR NEGLIGENT SUPERVISION**

10          45.     MAC MILLAN repeats, realleges and incorporates herein by reference

11   each and every allegation set forth in paragraphs 1 through 44, above, as if set forth herein in

12   full.

13          46.     At all times mentioned in this Defendant SAFECO

14   negligently and carelessly supervised ServiceMaster and ServiceMaster of San

15   Francisco/San Mateo.

16          47.     Defendants breached their duty to exercise reasonable care and acted

17   negligently and carelessly in supervision *by directing the destruction rather than*

18   *preservation of Plaintiff's valuable and unique inventory.*

19          48.     As a direct and proximate result of the negligence of Defendants as set

20   forth above, Plaintiff has sustained economic and non-economic damages and financial

21   discomfort, all in an amount to be determined by proof at trial.

22          WHEREFORE, plaintiff MAC MILLAN, prays for judgment against

23   DEFENDANT in accordance with the Prayer for Relief as set forth below.

24                          **SEVENTH CAUSE OF ACTION**

25                          **FOR CONVERSION**

26          49.     MAC MILLAN repeats, realleges and incorporates herein by reference

27   each and every allegation set forth in paragraphs 1 through 48, above, as if set forth herein in

28   full.

FIRST AMENDED COMPLAINT FOR DAMAGES

1         50.   Plaintiff is, and at all times relevant herein was, the owner of or entitled to

2    immediately possess the following items of property:

3         **a)** Valuable videotapes, dvds (upon information and belief), audiotapes (upon

4    information and belief), and clothing located in Plaintiff's attic at the Haight Street location;

5         **b)** Valuable videotapes, dvds (upon information and belief), audiotapes (upon

6    information and belief), and clothing not located in Plaintiff's attic at the Haight Street location;

7         51.   Defendants wrongfully interfered with Plaintiff's interests in the property

8    described above by undertaking the following acts or omissions:

9         **a)**   By wrongfully instructing  ServiceMaster and ServiceMaster of San

10   Francisco/San Mateo to destroy Plaintiff's property rather than preserve it  or place it in a

11   warehouse for safekeeping and proper inventory.

12        52.   While Defendant SAFECO originally came into

13   possession of the converted property legally, Defendant SAFECO then improperly retained and

14   instructed it to be destroyed.

15        53.   As a result of Defendant SAFECO's acts of conversion,

16   Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory

17   damages.   Alternatively, Plaintiff is entitled to seek to damages and repossession of the

18   converted property and will seek its election of remedies at trial.  Plaintiff is further entitled to

19   compensation for the time and money expended in pursuit of the property.

20        54.   In doing the acts herein alleged, defendants acted with oppression, fraud,

21   malice and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to

22   punitive damages according to proof at the time of trial.

23        55.   Plaintiff is further entitled to the imposition of a constructive trust

24   on the converted goods and their fruits and is entitled to a tracing with respect to the converted

25   goods.

26        56.   Plaintiff is further entitled to the imposition of an equitable lien on the

27   converted goods.

28        57.   Wherefore, Plaintiff prays for judgment in accordance with the Prayer for

FIRST AMENDED COMPLAINT FOR DAMAGES

1   Relief indicated below.

2         58.    Attach as Exhibit A is a portion of Plaintiff's Insurance Policy written

3   contract with American Economy Insurance with the name "Safeco Insurance of America" also

4   written on the document.

5         59.    Attached as Exhibit B is a true and correct copy of a contract between

6   Plaintiff MAC MILLAN and ServiceMaster or ServiceMaster of San Francisco/San Mateo.

7                              **PRAYER FOR RELIEF**

8       A.    ON THE FIRST CAUSE OF ACTION:

9             a.    For incidental and consequential damages, compensatory damages

10  according to proof;

11            b.    For an award of interest, including prejudgment interest, at the legal rate;

12            c.    For costs of suit; and

13            d.    For such other and further relief as the Court considers proper under the

14  circumstances.

15      B.    ON THE SECOND CAUSE OF ACTION:

16            a.    For compensatory and consequential damages, according to proof;

17            b.    For an award of interest, including prejudgment interest, at the legal rate;

18            c.    For costs of suit; and

19            d.    For such other and further relief as the Court considers proper under the

20  circumstances.

21      C.    ON THE THIRD CAUSE OF ACTION:

22            a.    For compensatory damages according to proof;

23            b.    For an award of interest, including prejudgment interest, at the legal rate;

24            c.    For costs of suit; and

25            d.    For such other and further relief as the Court considers proper under the

26  circumstances.

27      D.    ON THE FOURTH CAUSE OF ACTION:

28            a.    For compensatory damages  according to proof;

1          b.     For an award of interest, including prejudgment interest, at the legal rate;

2          c.     For costs of suit; and

3          d.     For such other and further relief as the Court considers proper under the

4 circumstances.

5

6     E.     ON THE FIFTH CAUSE OF ACTION:

7          a.     For compensatory damages according to proof;

8          b.     For an award of interest, including prejudgment interest, at the legal rate;

9          c.     For attorneys' fees, expenses and other costs of suit; and

10          d.     For such other and further relief as the Court considers proper under the

11 circumstances.

12

13     F.     ON THE SIXTH CAUSE OF ACTION:

14          a.     For compensatory damages according to proof;

15          b.     For an award of interest, including prejudgment interest, at the legal rate;

16          c.     For attorneys' fees, expenses and other costs of suit; and

17          d.     For such other and further relief as the Court considers proper under the

18 circumstances

19 ///

20 ///

21 ///

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

G.  ON THE SEVENTH CAUSE OF ACTION:

    a.  For compensatory damages according to proof;

    b.  For an award of interest, including prejudgment interest, at the legal rate;

    c.  For attorneys' fees, expenses and other costs of suit; and

    d.  For such other and further relief as the Court considers proper under the circumstances.

Dated: May 22, 2008                        THE REVELATION LAW FIRM
                                           *A Professional Corporation*

                                           By: _____
                                               Melanie D. Popper, Esq.
                                               Attorney for Plaintiff
                                               JOHN MICHAEL MAC MILLAN

FIRST AMENDED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 22, 2008                          THE REVELATION LAW FIRM
                                             *A Professional Corporation*

                                   By:_____
                                             Melanie D. Popper, Esq.
                                             Attorney for Plaintiff
                                             JOHN MICHAEL MAC MILLAN

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

 **Safeco** Insurance

**BUSINESSOWNERS**
**BP 70 76 01 05**

# ULTRA-PLUS

This endorsement modifies insurance provided under the following:

### BUSINESSOWNERS COVERAGE FORM

All other terms and conditions applicable to SECTION I PROPERTY and SECTION II LIABILITY apply, except as provided by this endorsement.

SECTION I — PROPERTY is changed as follows:

| Description | Section | The most we will pay is |
|---|---|---|
| Covered Property is extended to include electronic communications equipment, including radio and television antennas, satellite dishes and their lead-in wiring, masts or towers. | A.1.a. | |
| Covered Property is extended: Property of Others that is in your care, custody or control is extended to include the cost of labor, materials or services furnished or arranged by you on personal property of others. This is without regard to your legal liability. | A.1.b.(2) | |
| Proximity Limitation is broadened: The 100 feet limitation is increased to 1,000 feet. | A.1.a.(6)(b), A.1.b., A.5.f.(1), A,5.g.(1), A.6. | |
| Property Not Covered is amended to read: Outdoor fences, signs (other than signs attached to buildings), trees, shrubs or plants, all except as provided in the:<br>(1) Outdoor Property Coverage Extension; or<br>(2) Outdoor Signs Optional Coverage; | A.2.e. | |

### Additional Coverages

| | | |
|---|---|---|
| Debris Removal is broadened: | A.5.a.(4) | $25,000 for each location in any one occurrence. |
| Fire Department Service Charge is broadened. | A.5.c. | Actual Loss Sustained |
| Business Income is broadened:<br>The 60-day limitation applicable to ordinary payroll is deleted. Also, APPLICABLE TO DENTIST OFFICES, the following paragraph is added:<br>We will also pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration", resulting from loss by a Covered Cause of Loss to water pipes, electric power transmission lines or telephone lines not located at the described premises. | A.5.f.(1) | |

Safeco ® and the Safeco logo are trademarks of Safeco Corporation
EP

**Deductibles** is amended to read: Regardless of the          D.2.
amount of the Deductible, the most we will deduct
from any loss or damage for Glass and under all of
the following Optional Coverages in any one occurrence
is $250:

    a.  Money and Securities
    b.  Outdoor Signs
But this $250 Glass and Optional Coverage Deductible
will not increase the Deductible shown in the
Declarations. This Deductible will be used to satisfy
the requirements of the deductible in the Declarations.

No deductible applies to the following Additional Coverages:     D.3.

    a.  Arson Reward
    b.  Extra Expense
    c.  Employee Dishonesty
    d.  Fire Department Service Charge
    e.  Fire Extinguisher Recharge Expense
    f.  Civil Authority
    g.  Money Orders and Counterfeit Paper Currency

**Loss Payment** is amended to read:          E.6.d.(1)
    (1) At replacement cost without deduction for
        depreciation, subject to the following:
        (a) We will pay the cost to repair or replace,
            after application of the deductible and
            without deduction for depreciation, but
            not more than the least of the following
            amounts:
            (i) The Limit of Insurance under Section I
                Property that applies to the lost or
                damaged property;
            (ii) The cost to replace, on the same
                premises, the lost or damaged property
                with other property:
                i.  Of comparable material and quality; and
                ii.  Used for the same purpose; or
            (iii) The amount that you actually spend
                that is necessary to repair or replace the
                lost or damaged property.
            If a building is rebuilt at a new premises,
            the cost is limited to the cost which would
            have been incurred had the building been
            built at the original premises.
        (b) You may make a claim for loss or damage
            covered by this insurance on an actual cash
            value basis instead of on a replacement cost
            basis. In the event you elect to have loss or
            damage settled on an actual cash value basis,
            you may still make a claim on a replacement
            cost basis if you notify us of your intent to do
            so within 180 days after the loss or damage.
        (c) We will not pay on a replacement cost basis
            for any loss or damage:
            (i) Until the lost or damaged property is
                actually repaired or replaced; and



applies per occurrence regardless of the number of
persons providing this information.

**Theft Damage to Buildings** (Coverage is broadened          A.6.h.          $25,000
for Tenants) — Damage by burglars, meaning direct
loss or damage to the described property by burglars.
Damage by burglars does not include loss resulting from
theft of the property.

**Leased Trees and Plants** — You may extend the              A.6.i.          Actual Loss Sustained
insurance provided by this policy to apply to trees
and plants which are leased by you for your
business purposes. The most we will pay for loss
or damage under this Extension is:

**Business Personal Property Limit — Automatic Increase**     C.6.
We will adjust the Limit of Insurance for Business Personal
Property on each anniversary and/or renewal of the policy.
The amount of the adjustment will be based on inflation and
the economic factors for the preceding year.

SECTION II — LIABILITY is changed as follows:

The following items are amended:

**Coverage Extension — Supplementary Payments**              A.1.f.(1)(d)
    All reasonable expenses incurred by the insured
    at our request to assist us in the investigation or
    defense of the claim or "suit", including actual
    loss of earnings up to $500 a day because of time
    off from work.

  **2.   Applicable to Medical Expenses Coverage**           B.2.a.
        We will not pay expenses for "bodily injury";
    a.  To any insured, except volunteer workers
        who are not paid a fee, salary or other
        compensation;
3. The following are added:

    **Exclusions**

        (6) An aircraft you do not own, provided it is      B.1.g.(6)
            not operated by any insured.

  C.  **WHO IS AN INSURED** — Each of the                    C.2.e.
      following is also an insured:

    e.  Any person(s) who are volunteer worker(s)
        for you, but only while acting at the direction of,
        and within the scope of their duties for you.
        However, no volunteer(s) is an insured for:

        (1) "Bodily injury" or "personal and advertising
            injury" to you, to your partners or members
            (if you are a partnership or joint venture), to
            your members (if you are a limited liability
            company), or to a co-volunteer or your
            "employees" while that volunteer is in the
            course of performing his or her duties
            related to the conduct of your business;
        (2) "Property damage" to property:
            (a) Owned, occupied or used by,
            (b) Rented to, in the care, custody or
                control of, or over which physical control
        .       is being exercised for any purpose by
            you, any of your co-volunteers or your

"employees", any partner or member
(if you are a partnership or joint venture),
or any member (if you are a limited liability
company).

C.   **WHO IS AN INSURED** — Coverage is added    C.4.
for Newly Acquired Organizations:

4.   Any organization you newly acquire or form,
other than a partnership, joint venture, or
limited liability company and over which you
maintain ownership or majority interest, will qualify
as a named insured if there is no other similar
insurance available to that organization. However:

a.   Coverage under this provision is afforded only
until the 120th day after you acquire or form the
organization or the end of the policy period,
whichever is earlier;

b.   **A. Coverages 1. Business Liability** does
not apply to:
(1) "Bodily injury" or "property damage" that
occurred before you acquired or formed the
organization; and
(2) "Personal and advertising injury"
arising out of an offense committed before
you acquired or formed the organization.

No person or organization is an insured with
respect to the conduct of any current or past
partnership, joint venture, or limited liability
company that is not shown as a Named
Insured in the Declarations.

All other provisions of this policy apply.

C 43 59 04 05

 **Safeco** Insurance

# NOTICE TO POLICYHOLDERS

Your Commercial Businessowners policy has been updated to provide the greatest possible protection at an affordable price. The most significant changes are highlighted below. Some language has also been clarified without a change in coverage. Not every form, coverage or endorsement discussed here may be applicable to your particular policy. For a complete understanding of the changes, please read your policy carefully. If you have any questions, your independent agent will be happy to assist you. *No coverage is provided by this summary, nor does it replace any provision of your policy. If your policy and this summary conflict, the policy prevails.*

Thank you for entrusting us with your insurance needs. We appreciate having you as a customer!

## ULTRA PLUS ENDORSEMENT — BP 70 76

The Ultra Plus Endorsement BP 70 76 is included on your renewal Businessowners policy. This endorsement modifies insurance under the BUSINESSOWNERS COVERAGE FORM.

## EXPANSION OF COVERAGE — SECTION I PROPERTY

- **Brands and Labels** coverage is automatically included at no additional charge. The most we will pay is $25,000 for costs associated with removing brands or labels from merchandise that has been damaged by a covered cause of loss.

- **Consequential Damage to Pairs or Sets** is automatically included at no additional charge. We will pay up to the limit of insurance shown in the Declarations for any reduction in value of a pair or set damaged by a covered cause of loss.

- **Debris Removal** is broadened. The most we will pay at each location has been increased from $15,000 to $25,000 at no additional charge.

- **Forgery or Alteration** is broadened. The most we will pay for any loss, including legal expenses, has been increased from $5,000 to $25,000 at no additional charge.

- **Newly Acquired or Constructed Property — Buildings** is broadened. The most we will pay for loss or damage has been increased from $500,000 to $1,000,000.

- **Newly Acquired or Constructed Property — Business Personal Property** is is broadened. The most we will pay for loss or damage has been increased from $250,000 to $500,000.

- **Personal Effects** is broadened. The most we will pay for loss or damage has been increased from $2,500 to $10,000 at no additional charge.

- **Personal Property Off Premises** is amended to include Salespersons Samples in the $25,000 limit of insurance at no additional charge.

### COMMERCIAL FINE ARTS COVERAGE — BP 70 59 (if applicable)
### COMMERCIAL FINE ARTS COVERAGE TEXAS — BP 81 51 (if applicable)

## EXPANSION OF COVERAGE

- Commercial Fine Arts coverage is automatically included up to $10,000 and the coinsurance clause has been deleted for coverage up to this additional limit.

Safeco ® and the Safeco logo are trademarks of Safeco Corporation
EP

 Insurance

C 43 85 10 05

# NOTICE TO POLICYHOLDERS

This notice has been prepared in conjunction with the implementation of changes to your policy. It contains a brief summary of the endorsements listed. No coverage is provided by this policyholder notice, nor can it be construed to replace any provisions of your policy. If there is any conflict between the policy and this summary, the provisions of the policy shall prevail.

The endorsement discussed in this NOTICE is applicable to your particular policy.

Please read your policy, and the endorsements attached to your policy, carefully.

## REDUCTIONS IN COVERAGE: EXCLUSIONS

### BP 04 17   Employment-Related Practices Exclusion

This endorsement specifies that insurance under the Businessowners Coverage Form BP0003 does not apply to "bodily injury" or "personal and advertising injury" to a person, their spouse, child, parent, brother or sister as a consequence of "bodily injury" or "personal and advertising injury" to that person, as a result of any refusal to employ, termination of employment or employment-related practices, policies, acts or omissions.

Limited Employment Practices Liability coverage applies under coverage form BP 81 28 which is also attached to your policy. Please read this coverage form carefully.



Safeco and the Safeco logo are registered trademarks of Safeco Corporation

EP

C-IN-05-PRINT001-0046-0011-7

ULTRA DRY CLEANERS & LAUNDRIES BAILEE'S COVERAGE FORM — BP 70 21 (If applicable)

## EXPANSION OF COVERAGE

• Coverage for accidental loss or damage to the property of others in the care, custody and control of the insured is provided even if the loss is caused by faulty, inadequate or defective conduct.

      (ii) Unless the repairs or replacement are
          made as soon as reasonably possible
          after the loss or damage.
      However, if the cost to repair or replace
      the damaged building property is $2,500
      or less, we will settle the loss according to
      the provisions of Paragraph d.(1)(a) above
      whether or not the actual repair or replace-
      ment is complete.

   (d) The cost to repair, rebuild or replace does
      not include the increased cost attributable to
      enforcement of any ordinance or law regulating
      the construction, use or repair of any property.

**Employee Dishonesty** is broadened: The Employee       G.3.g.
Dishonesty discovery period is extended from one year
to two years from the end of the Policy Period.

2. The following items are deleted:

**Valuable Papers and Records**

For valuable papers and records not at the        A.6.e.(3)
described premises, the most we will pay is
$5,000.

**PROPERTY LOSS CONDITIONS — Loss Payment**    E.6.d.(3)(b)
Property of others, but this property is not covered for
more than the amount for which you are liable, plus the
cost of labor, materials or services furnished or
arranged by you on personal property of others.

3. The following items are added:

| | | |
|---|---|---|
| **Brands and Labels --** | A.5.o. | $25,000 for these costs, subject to the Business Personal Property Limit of Insurance shown in the Declarations. |

A. If branded or labeled merchandise that is
Covered Property is damaged by a Covered
Cause of Loss, we may take all or any part of
the property at an agreed or appraised value.
If so, you may:

  1. Stamp salvage on the merchandise or its
    containers, if the stamp will not physically
    damage the merchandise; or

  2. Remove the brands or labels, if doing so
    will not physically damage the merchandise.
    You must relabel the merchandise or
    its containers to comply with the law.

B. We will pay reasonable costs you incur to
perform the activity described in A.1. or A.2.
above.

| | | |
|---|---|---|
| **Consequential Damage to Pairs or Sets —** | A.5.p. | the Limit of Insurance shown in the Declarations. |

If pairs or sets of "stock" are damaged by a
Covered Cause of Loss, we will pay any
reduction in value of the undamaged parts
of such damaged pairs or sets.

| | | |
|---|---|---|
| **Arson Reward —** We will pay an arson reward for | A.6.g. | $5,000 |

information which leads to an arson conviction for
loss or damage covered by this policy. This limit

**Forgery and Alteration** is broadened:                                A.5.k.              $25,000

**Coverage Extensions**

**Newly Acquired or Constructed
Property is broadened:**
    Buildings                                       A.6.a.(1)           $1,000,000
    Business Personal Property                      A.6.a.(2)           $500,000
    Period of Coverage is broadened: Coverage will end:    A.6.a.(3)(b)
    "30 days" is replaced with "180 days".

**Personal Property Off Premises** is amended:                          A.6.b.              $25,000
You may extend the insurance that applies to Business
Personal Property to apply to covered Business Personal
Property (including Salesperson's samples) other than
"money" and "securities" or accounts receivable, while it
is in the course of transit or at a premises you do not own,
lease or operate (other than the private residence of the
owner).

**Outdoor Property** is amended:                                        A.6.c.              $10,000, but not more
Lawns are added as covered outdoor property.                                                than $1,000 for any one
Radio and television antennas (including satellite                                          tree, shrub or plant.
dishes) are removed. The referenced causes of
loss are replaced with "specified causes of loss".

**Personal Effects** is broadened:                                      A.6.d.(2)           $10,000

**Exclusions**

**Water** is amended: Water that backs up or                            B.1.g.(3)           $5,000 at each described
overflows from a sewer, drain or sump                                                       premises, or the amount
is deleted. The most we will pay as a result                                                shown for this cause of
of water that backs up or overflows from a                                                  loss in the Declarations,
sewer, drain or sump is:                                                                    whichever is greater.

**Building Limit — Automatic Increase** is amended:                     C.4.
    a. We will adjust the Limit of Insurance for Buildings
       on each anniversary and/or the renewal of the policy.
       The amount of the adjustment will be the percent of
       increase or decrease as that which has occurred during
       the preceding policy year in the cost-of-construction
       factor, as reported in the publication of a recognized
       independent appraisal company.
    b. When a loss exceeds the Limit of Insurance applying
       under this policy, the amount we will pay will be
       increased to the lesser of:
       (1) Full replacement value at the time of loss; or
       (2) 105% of the Limit of Insurance.
    c. You agree to report to us any additions, improvements
       or enlargements of Covered Property which have been
       made since the effective date of this policy. If any
       of these changes are not reported to us upon completion,
       and the enlargements are equal to more than 5% of the
       Limit of Insurance, any loss occurring after that time
       shall be adjusted in accordance with the provisions of
       the policy without consideration of paragraph C.4.b. above.

**Business Personal Property Limit — Seasonal Increase**                 C.5.a.
is broadened: The Limit of Insurance for Business
Personal Property will automatically increase by 33%
to provide for seasonal variations.



**ServiceMASTER
Clean.**

# AUTHORIZATION FOR REPAIRS AND PAYMENT

Property Owner _Michael Mac Millan_

Property Address _143a Haight Street_

City _San Francisco_              State _CA_       Zip _____

Phone (H) _415-606-4247_          (W) _____

Insurance Company _SafeCo_                Deductible _1000.00_

Adjuster _Dan Sharp_              Phone _____

Policy # _____                    Claim # _408146882015_

The undersigned _Michael Mac Millan_, hereinafter referred to as
**Owner**, authorizes ServiceMaster of **San Francisco/San Mateo**, hereinafter referred to as
ServiceMaster, to proceed with emergency cleaning and/or restoration services required to
restore the above listed property and/or contents from damage caused by _Fire_
on _11/22/05_.

**Owner** understands that the total cost of cleaning and/or repairs shall be payable upon
completion of work and **hereby authorizes and instructs that direct payment be made to**
ServiceMaster. **Owner** understands that he/she is liable for payment of any deductible and for
any and all charges not covered by **Owner's** insurance company.

**Owner** further understands that emergency services are necessary steps taken to prevent
additional damage to the building and/or contents and that restoration services may include
cleaning, drying, repair, resurfacing, refinishing and/or replacement of building materials and
contents. ServiceMaster agrees to perform emergency services and restoration services in a
workmanlike manner using reasonable care to restore the property and contents as nearly as
possible to their pre-loss condition. With respect to items that need to be restored at a remote
location, ServiceMaster is hereby authorized to move those items. ServiceMaster will prepare
an inventory of items removed from the property and **Owner** will be given an opportunity to
accept the inventory count and description before items are transferred.

**Owner** agrees that if any invoice for services shall not be paid when due, the balance due shall
bear interest of 18% per annum. The makers, endorsers, guarantors or sureties hereby jointly and
severally agree to pay all costs of collection including reasonable attorney's fees. Unless
otherwise prohibited by state law, if any unpaid balance is referred to an attorney for collection,
**Owner** authorizes any attorney of record to confess judgment to be entered by any Court that
may have jurisdiction, at any time after default in payment shall occur and hereby waives all
exceptions to the extent permitted by law.

Date _11/28/05_                       **Time of Crew Arrival** _____

**Property Owner** _____

**ServiceMaster Representative** _____

SMC-002-120203

**ServiceMASTER**

SERVICEMASTER OF SAN FRANCISCO/SAN MATEO
439 Eccles Avenue
So San Francisco, CA 94080
(415) 584-6100
(800) 439-8833
Fax: (650) 873-6334

# Fax Transmittal

| To: | Michael Mac Millan | From: | Tina Ross |
|---|---|---|---|
| Fax: | 415-861-1875 | Date: | November 28, 2005 |
| Phone: | | Pages: | 2 including cover page |
| Re: | | Claim # | 408146882015 |

Micheal,

Sign and fax back to me.  Call me anytime and you are able to come see your items at your convenience.
Sorry the form is so mess, I filled it out at the site.......


Thank you,

Tina Ross
Fire Estimator