1   R. LAWRENCE BRAGG (SBN: 119194)
    LAW OFFICE OF SHEILA F. GONZALEZ
2   2730 Gateway Oaks Drive, Suite 210
    Sacramento, CA 95833
3   Tel: (916) 923-9505
    Fax: (888) 813-3351
4   Email: labrag@safeco.com

5   Attorney for Defendant
    SAFECO INSURANCE COMPANY OF AMERICA
6

7

8              IN THE UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

10

11  JOHN MICHAEL MAC MILLAN,              Case No.: C08-2424 EMC

12                  Plaintiff,          **MEMORANDUM OF POINTS AND**
                                        **AUTHORITIES IN SUPPORT OF**
13  vs.                                 **MOTION TO DISMISS FIRST AMENDED**
                                        **COMPLAINT UNDER FED. R. CIV. P.**
14  SAFECO INSURANCE COMPANY OF          **12(b)(6)**
    AMERICA, a corporation,
15
                                        **DATE:  July 9, 2008**
16                  Defendants.          **TIME:  10:30 a.m.**
                                        **ROOM:  C**
17                                       **JUDGE: Magistrate Edward Chen**

18

19

20

21

22

23

24

25

26

27

28

                              - 1 -

1

**TABLE OF CONTENTS**

2

3   I.    STATEMENT OF ISSUES.................................................................................1

4   II.   STATEMENT OF RELEVANT FACTS......................................................1

5   III.  ARGUMENT..................................................................................................2

6         A.   Legal Standard..................................................................................2

7         B.   The Insurance Policy was Issued by
               American Economy Insurance Company,
8              Not Safeco Insurance Company of America..............................4

9         C.   The Third Cause of Action for Intentional
               Interference with Contractual Relations Fails
10             To State a Claim Against Safeco.................................................6

11        D.   The Fourth Cause of Action for Negligent
               Interference with Prospective Economic Advantage
12             Fails to State a Claim Against Safeco........................................7

13        E.   The Causes of Action for Negligence and
               Negligent Supervision Fail to State a Claim
14             Against Safeco.................................................................................8

15  IV.   CONCLUSION..............................................................................................11

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

# TABLE OF AUTHORITIES

2

3

**Federal Cases**

4

*Branch v. Tunnell,* 14 F.3d 449 (9th Cir. 1994)..................................4

*Conley v. Gibson,* 355 U.S. 41 (1957)...............................................3

5

*Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001)...............3

6

*Marder v. Lopez,* 450 F.3d 445 (9th Cir. 2006)...............................4

7

*Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001)......................3

8

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,* 998 F.2d 1192 (3rd Cir. 1993).........................5

9

10

*Rose v. Chase Manhattan Bank USA, N.A.,* 396 F.Supp.2d 1116 (C.D. Cal. 2005).........................................5

11

*United States v. Ritchie,* 342 F.3d 903 (9th Cir. 2003)..................4

12

13

**State Cases**

14

*Acoustics, Inc. v. Trepte Construction Co.,* 14 Cal. App. 3d 887 (1971).........................................................6

15

16

*Benavides v. State Farm Gen. Ins. Co.,* 136 Cal. App. 4th 1241 (2006).................................................9

17

*Dryden v. Tri-Valley Growers,* 65 Cal. App. 3d 990 (1977).........................................................6

18

*Kasparian v. County of Los Angeles,* 38 Cal. App. 4th 242 (1995).......................................................8

19

20

*North American Chemical Co. v. Superior Court,* 59 Cal. App. 4th 764 (1997).......................................................7

21

*Pacific Gas & Elec. Co. v. Bear Sterns & Co.,* 50 Cal. 3d 1118 (1990)............................................................6

22

23

*Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal. 4th 979 (2004).......................................................9, 10

24

*Waller v. Truck Ins. Exchange,* 11 Cal. 4th 1 (1997)...............................................................6

25

26

27

**Federal Statutes**

28

FED. R. CIV. P. 12(b)(6)......................................................3, 4

---

ii

1

## **Secondary Authorities**

2  Croskey, et al., RUTTER GROUP PRACTICE GUIDE:
   INSURANCE LITIGATION, § 11:205, at 11-48.1 (2007)..............................................8
3
   Schwarzer, et al., RUTTER GROUP PRACTICE GUIDE:
4  FEDERAL CIVIL PROCEDURE BEFORE TRIAL,
   § 9:212.1, at 9-54 (2001).................................................................................................4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) – CASE NO. C08-2424 EMC

**I**

**STATEMENT OF ISSUES**

The issue before this Court is whether defendant, Safeco Insurance Company of America ("Safeco"), is a proper defendant to this action. In this Motion, Safeco contends that it is an improper party to this action as the insurance policy in question was issued by American Economy Insurance Company ("AEIC"). As Safeco was not a party to the insurance contract, Safeco cannot be held liable for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing. Safeco further contends that the Third, Fourth, Fifth and Sixth Causes of Action fail to state a claim upon which relief can be awarded. Consequently, the First Amended Complaint filed against Safeco should be dismissed without leave to amend.

**II**

**STATEMENT OF RELEVANT FACTS**

This matter arises out of an insurance contract dispute between plaintiff, Michael Mac Millan, and his insurance company, AEIC. The First Amended Complaint ("FAC") names only Safeco as a defendant, and alleges that Safeco was the authorized agent of AEIC, which is the entity that issued the insurance policy in question to plaintiff. See FAC, attached as Exhibit A at 2:7-13, 2:23-28. The FAC alleges that plaintiff's video rental business suffered property damage on November 22, 2005, as a result of a fire which started in an adjoining business. See Exhibit A at 3:4-6. The FAC further alleges that Safeco undertook the task of employing Service Master to clean, inventory, and transfer plaintiff's damaged property to a safe

1  location. See Exhibit A at 3:12-14. The FAC further alleges that
2  Safeco directed Service Master to destroy and dispose of the
3  plaintiff's property. See Exhibit A at 3:18-28. The plaintiff
4  contends that Safeco has refused to reimburse him under the
5  terms of his insurance policy with AEIC for the full amount of
6  his losses. See Exhibit A at 3:25-28.

7      The FAC contains causes of action for Breach of Insurance
8  Contract, Breach of the Implied Covenant of Good Faith and Fair
9  Dealing, Intentional Interference with Contractual Relations,
10 Negligent Interference with Prospective Economic Advantage,
11 Negligence, Negligent Supervision, and Conversion. The FAC
12 attaches an incomplete copy of the insurance policy issued by
13 AEIC to plaintiff. See Exhibit A to the FAC. This incomplete
14 copy contains only the policy forms, and does not contain the
15 declaration pages which clearly show that Safeco was not a party
16 to the insurance contract.

17     The plaintiff electronically filed the FAC with this Court
18 on May 22, 2008. After reviewing the FAC, counsel for Safeco
19 sent a meet and confer letter to plaintiff's counsel on May 27,
20 2008. See Exhibit B. Plaintiff's counsel responded to this
21 letter on May 28, 2008, contending that the First Amended
22 Complaint adequately stated a claim against Safeco. See Exhibit
23 C. As the parties are unable to resolve these issues, it has
24 become necessary to file this Motion.

25                              **III**
26                          **ARGUMENT**
27 **A.   Legal Standard**
28     A Motion to Dismiss for failure to state a claim on which

-2-

1  relief can be granted is authorized by FED. R. CIV. P. 12(b)(6).

2  The purpose of a Motion to Dismiss under FED. R. CIV. P. 12(b)(6)

3  is to test the formal sufficiency of the plaintiff's statement

4  of the claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46

5  (1957); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

6      Unlike other motions to dismiss under FED. R. CIV. P. 12(b),

7  a district court generally may not consider any material beyond

8  the pleadings in ruling on a Rule 12(b)(6) motion. Lee v. City

9  of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). A

10 defendant's submission of supplemental materials for

11 consideration along with the complaint risks converting the

12 motion into a motion for summary judgment under FED. R. CIV. P.

13 56. See FED. R. CIV. P. 12(b). The Ninth Circuit, however, has

14 carved out exceptions to the conversion rule, which permit the

15 court to consider the following supplemental materials along

16 with the complaint without converting the motion into a motion

17 for summary judgment:

18     (1) material, such as exhibits, properly submitted as part

19         of the complaint;

20     (2) documents that are not part of the complaint if they

21         are referenced extensively in the complaint, and are

22         accepted by all parties as authentic; and

23     (3) matters of public record of which the court may take

24         judicial notice under FED. R. EVID. 201.

25 United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

26 Thus, when the defendant offers such materials to the court for

27 consideration with the motion, the court may treat the material

28 as part of the complaint, and therefore may assume that its

-3-

1   contents are true for purposes of the Motion to Dismiss under
2   Fed. R. Civ. P. 12(b)(6). Id.

3   **B.  The Insurance Policy Was Issued by American Economy**
4   **Insurance Company, Not Safeco Insurance Company of America.**

5          A plaintiff is not required to attach to the complaint the
6   document on which it is based. Schwarzer et al., Rutter Group
7   Practice Guide: Federal Civil Procedure Before Trial, § 9:212.1, at 9-54
8   (2001). If the plaintiff fails to do so, however, a defendant
9   may attach to a Rule 12(b)(6) motion the document referred to in
10  the complaint to show that they do not support the plaintiff's
11  claim. Id.; see Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.
12  1994).

13         A court may consider evidence on which the complaint
14  "necessarily relies" if: (1) the complaint refers to the
15  document; (2) the document is central to the plaintiff's claim;
16  and (3) no party questions the authenticity of the copy attached
17  to the 12(b)(6) motion. Marder v. Lopez, 450 F.3d 445, 448 (9th
18  Cir. 2006). The court may treat such a document as "part of the
19  complaint, and thus may assume that its contents are true for
20  purposes of a motion to dismiss under Rule 12(b)(6)." United
21  States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). This
22  prevents "a plaintiff with a legally deficient claim from
23  surviving a motion to dismiss simply by failing to attach a
24  dispositive document on which it relied." Schwarzer et al., Rutter
25  Group Practice Guide: Federal Civil Procedure Before Trial, § 9:212.1a, at
26  9-54 (2001), citing Pension Benefit Guar. Corp. v. White
27  Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3rd Cir.
28  1993).

-4-

1    In the instant case, the plaintiff attached an incomplete
2    copy of the insurance policy to the FAC. See Exhibit A to FAC.
3    This incomplete copy contains only the policy forms and does not
4    include the declaration pages which set forth the parties to the
5    insurance contract. Since the FAC attaches an incomplete copy of
6    the insurance policy, Safeco has attached to this Motion a copy
7    of the Declaration pages of the insurance policy issued by AEIC
8    to the plaintiff. See Copy of Declaration Pages to Insurance
9    Policy, attached as Exhibit D.[1]

10    The attached Declaration pages are a true and correct copy
11    of the Declaration pages of the insurance policy to which the
12    FAC refers. See Declaration of R. Lawrence Bragg. As this is an
13    indisputably authentic copy of the Declaration pages of the
14    insurance policy which is referred to in the FAC, this Court
15    does not have to convert this Motion into one for Summary
16    Judgment. See Rose v. Chase Manhattan Bank USA, N.A., 396
17    F.Supp.2d 1116, 1119 (C.D. Cal. 2005).

18    The attached Declaration pages clearly show that the
19    insurance policy was issued by AEIC, rather than Safeco. For
20    example, the cover page for the Ultra Select Policy states that
21    the policy was issued by "American Economy Insurance Company, a
22    stock company." See Exhibit D. A complaint for breach of
23    contract must include the following: (1) the existence of a
24    contract, (2) plaintiff's performance or excuse for
25    nonperformance, (3) defendant's breach, and (4) damages to

26

27

28
[1] A complete copy of the insurance policy, which is more than 100 pages in
length, exceeds the size limit specified by the court's efiling system.
Safeco will efile a Manual Filing Notification with this Motion and serve a
complete copy of the policy on the plaintiff.

-5-

1  plaintiff therefrom. <u>Acoustics, Inc. v. Trepte Construction Co.</u>,
2  14 Cal. App. 3d 887, 913 (1971). Since Safeco was not a party to
3  the insurance contract, it cannot be held liable for a breach of
4  this agreement. If an insurer is not liable for breach of the
5  insurance contract, the insurer also cannot be held liable for
6  breach of the implied covenant of good faith and fair dealing.
7  <u>Waller v. Truck Ins. Exchange</u>, 11 Cal. 4th 1, 35-36 (1997).
8  Accordingly, Safeco was improperly named and should be dismissed
9  from this action.

10 **C.    The Third Cause of Action for Intentional Interference With**
11 **Contractual Relations Fails to State a Claim Against Safeco.**

12      The elements which a plaintiff must plead to state a cause
13 of action for Intentional Interference with Contractual
14 Relations are (1) a valid contract between plaintiff and a third
15 party; (2) defendant's knowledge of this contract; (3)
16 defendant's intentional acts designed to induce a breach or
17 disruption of the contractual relationship; (4) actual breach or
18 disruption of the contractual relationship; and (5) resulting
19 damage. <u>Pacific Gas & Elec. Co. v. Bear Sterns & Co.</u>, 50 Cal. 3d
20 1118, 1126 (1990). A cause of action for Intentional
21 Interference with Contractual Relations does not lie against a
22 party to the contract. <u>Dryden v. Tri-Valley Growers</u>, 65 Cal.
23 App. 3d 990, 999 (1977).

24      The FAC alleges that Safeco was the authorized agent of
25 AEIC, which is the entity that issued the insurance policy to
26 plaintiff. See Exhibit A at 2:7-13. The FAC alleges that Safeco
27 was responsible for administering the insurance policy. See
28 Exhibit A at 3:9-11. All of the allegedly wrongful acts in this

1   case arise out of the administration of the insurance contract

2   with respect to the fire claim at issue in this case. See

3   Exhibit A at 3. As the cause of action for Intentional

4   Interference with Contractual Relations lies only for acts of

5   third parties, not parties to the contract, this cause of action

6   fails to state a claim against Safeco.

7   **D.    The Fourth Cause of Action for Negligent Interference with**

8   **Prospective Economic Advantage Fails to State a Claim Against**

9   **Safeco.**

10      A cause of action for Negligent Interference with

11   Prospective Economic Advantage is established where a plaintiff

12   demonstrates that (1) an economic relationship existed between

13   the plaintiff and a third party which contained a  reasonably

14   probable future economic benefit or advantage to plaintiff; (2)

15   the defendant knew of the existence of the relationship and was

16   aware or should have been aware that if it did not act with due

17   care its actions would interfere with this relationship and

18   cause plaintiff to lose in whole or in part the probable future

19   economic benefit or advantage of the relationship; (3) the

20   defendant was negligent; and (4) such negligence caused damage

21   to plaintiff in that the relationship actually was interfered

22   with or disrupted and plaintiff lost in whole or in part the

23   economic benefits or advantage reasonably expected from the

24   relationship. North American Chemical Co. v. Superior Court, 59

25   Cal. App. 4th 764, 786 (1997). The same rationale which bars

26   prosecution of the tort of interference with contractual

27   relations against a party to the contract, also applies to the

28   tort of interference with prospective economic advantage against

-7-

1  a party to the relationship from which the plaintiff's
2  anticipated economic advantage would arise. <u>Kasparian v. County</u>
3  <u>of Los Angeles</u>, 38 Cal. App. 4th 242, 262 (1995).

4      In the instant case, the plaintiff alleges that Safeco was
5  the authorized agent of AEIC, which is the entity that issued
6  the insurance policy to plaintiff. See Exhibit A at 2:7-13. The
7  FAC alleges that Safeco was responsible for administering the
8  insurance policy. See Exhibit A at 3:9-11. All of the allegedly
9  wrongful acts in this case arise out of the administration of
10 the insurance contract with respect to the fire claim at issue
11 in this case. See Exhibit A at 3.  As this cause of action lies
12 only for acts of third parties, not parties to the contract,
13 this cause of action fails to state a claim against Safeco.

14 **E.    The Causes of Action for Negligence and Negligent**
15 **Supervision Fail to State a Claim Against Safeco.**

16     The Fifth Cause of Action for Negligence alleges that
17 Safeco negligently followed policies and procedures which
18 proximately caused plaintiff to be deprived of his property,
19 which was to be kept for safekeeping by Safeco and Service
20 Master. See Exhibit A at 7:25-28, 8:1-5. The Sixth Cause of
21 Action for Negligent Supervision alleges that Safeco acted
22 negligently and carelessly in its supervision of Service Master
23 which proximately caused plaintiff to be deprived of his
24 property. See Exhibit A at 8:9-23. Both causes of action are
25 premised on the same exact contention, which is that Safeco
26 acted negligently in handling and storing plaintiff's personal
27 property so as to cause plaintiff to be deprived of said
28 property. Plaintiff contends that Safeco has refused to

-8-

1  reimburse him under the terms of his insurance policy with AEIC
2  for the full amount of his losses.

3      "Negligence is not among the theories of recovery generally
4  available against insurers. Delay or failure to pay policy
5  benefits may be actionable as a breach of contract or bad faith,
6  not negligence." Croskey, et al., RUTTER GROUP PRACTICE GUIDE:
7  INSURANCE LITIGATION, § 11:205, at 11-48.1 (2007). This conclusion
8  further is supported by case law. See Benavides v. State Farm
9  Gen. Ins. Co., 236 Cal. App. 4th 1241 (2006). In Benavides, the
10 insured attempted to bring a negligence claim against the
11 insurer for negligent investigation of her claim of mold in her
12 condominium. The court explained that the California Supreme
13 Court identified the limited circumstances under where the
14 litigants' relationship, which has its basis in contract, can
15 give rise to a tort claim, citing the case of Robinson
16 Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979 (2004). In
17 Robinson, the California Supreme Court stated:

18      Conduct amounting to a breach of conduct becomes
        tortious only when it also violates a duty independent
19      of the contract arising from principles of tort law.
        We [have described] several instances where tort
20      damages were permitted in contract cases. Tort damages
        have been permitted in contract cases where a breach
21      of duty directly causes physical injury; for breach of
        the covenant of good faith and fair dealing in
22      insurance contracts; for wrongful discharge in
        violation of fundamental public policy; or where the
23      contract was fraudulently induced… If every negligent
        breach of a contract gives rise to tort damages the
24      limitation would be meaningless, as would the
        statutory distinction between tort and contract
25      remedies.

26 Robinson, 34 Cal. 4th at 989-90 (citations and quotations
27 omitted). The Benavides court ultimately concluded that the
28 plaintiff's negligence claim did not fall within the

-9-

1  circumstances identified by the California Supreme Court which
2  allow a contract-based cause of action to be pursued as a tort
3  claim. Benavides, 136 Cal. App. 4th at 1252. Thus, both Robinson
4  and Benavides support the conclusion that the proper method for
5  addressing a failure or refusal to pay policy benefits is to
6  assert claims for breach of contract and breach of the implied
7  covenant of good faith and fair dealing, not negligence.

8      In the instant case, the causes of action for Negligence
9  and Negligent Supervision rely on the same allegations as
10 contained in the First Cause of Action for Breach of Contract
11 and the Second Cause of Action for Breach of the Implied
12 Covenant of Good Faith and Fair Dealing. Plaintiff essentially
13 contends that Safeco's negligence resulted in the damage of and
14 destruction to his property, for which he has not been
15 reimbursed under the terms of his insurance policy with AEIC.
16 With the exception of the circumstances giving rise to a cause
17 of action for Breach of the Implied Covenant of Good Faith and
18 Fair Dealing, the allegations contained in the causes of action
19 for Negligence and Negligent Supervision do not fall within the
20 circumstances identified in Robinson which would allow a
21 contract-based cause of action to be pursued as a tort claim.
22 Thus, the proper method for addressing the allegations contained
23 in the causes of action for Negligence and Negligent Supervision
24 is to assert claims for breach of contract and breach of the
25 implied covenant of good faith and fair dealing, both of which
26 already have been asserted by plaintiff in the FAC. As
27 demonstrated above, however, Safeco was not a party to the
28 insurance contract and thus cannot be held liable for breach of

1  that contract and for breach of the implied covenant of good

2  faith and fair dealing. Consequently, this Court should dismiss

3  the FAC against Safeco.

**IV**

**CONCLUSION**

6  This Motion demonstrates that the insurance policy in

7  question was issued by AEIC, rather than Safeco. As Safeco was

8  not a party to the insurance contract, Safeco cannot be held

9  liable for the breach of that contract and for the implied

10  covenant of good faith and fair dealing. This Motion also

11  demonstrates that the causes of action for Intentional

12  Interference with Contractual Relations and Negligent

13  Interference with Prospective Economic Advantage apply only for

14  acts of third parties, not parties to the contract. As the FAC

15  alleges that Safeco was the authorized agent of AEIC, which

16  issued the insurance policy to plaintiff, these causes of action

17  fail to state a claim against Safeco. Additionally, the causes

18  of action based on Negligence and Negligent Supervision do not

19  fall within the circumstances identified in Robinson which would

20  allow a contract-based cause of action to be pursued as a tort

21  claim. Consequently, the Court should grant this Motion without

22  leave to amend, and dismiss the FAC against Safeco.

23  Dated: June 2 , 2008

LAW OFFICE OF SHEILA F. GONZALEZ

By: _____
    R. LAWRENCE BRAGG
    Attorney for Defendant
    SAFECO INSURANCE COMPANY OF
    AMERICA

- 11 -

1  MELANIE D. POPPER, ESQ. (SBN 236279)
   **THE REVELATION LAW FIRM**
2  *A Professional Corporation*
   2550 9th St., Suite 208A
3  Berkeley, CA 94710
   1-(510)-665-4195
4  1-(510)-665-4197(fax)
   mdp@revelationlaw.com
5

6  Attorneys for Plaintiff
   JOHN MICHAEL MAC MILLAN
7

8                    UNITED STATES FEDERAL DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 JOHN MICHAEL MAC MILLAN,          ) CASE NO. C08-02424 EMC
                                     )
12       Plaintiff,                  ) **FIRST AMENDED COMPLAINT**
                                     )
13       vs.                         ) 1.    BREACH OF CONTRACT – Insurance
                                     )
14 SAFECO INSURANCE COMPANY          ) 2.    BREACH OF IMPLIED COVENANT OF
   OF AMERICAN, a corporation,       )       GOOD FAITH AND FAIR DEALING –
15                                   )       Insurer's
         Defendants.                 )
16                                   ) 3.    INTENTIONAL INTERFERENCE WITH
                                     )       CONTRACT
17                                   )
                                     ) 4.    NEGLIGENT INTERFERENCE WITH
18                                   )       PROSPECTIVE
                                     )
19                                   ) 5.    NEGLIGENCE
                                     )
20                                   ) 6.    NEGLIGENT SUPERVISION
                                     )
21 _____  / 7.    CONVERSION

22                             **DEMAND FOR JURY TRIAL**
23
   Plaintiff JOHN MICHAEL MAC MILLAN alleges and complains as follows:
24
                          **GENERAL ALLEGATIONS**
25
           1.    <u>Plaintiff</u>: Plaintiff JOHN MICHAEL MAC MILLAN ("MAC MILLAN")
26
   is an individual doing business as "Into Video" and, at all times mentioned herein was also a
27
   business entity (sole proprietor) residing at 1439 Haight St., San Francisco, CA 94117.
28

                        FIRST AMENDED COMPLAINT FOR DAMAGES

2.    Defendants:

        (a)    Plaintiff MAC MILLAN is informed and believes, and on that basis alleges, that defendant SAFECO INSURANCE COMPANY OF AMERICA (hereinafter, "SAFECO") is, and at all times mentioned herein was, a non-California based corporation, but duly qualified and authorized to do business (and doing business) and has minimum contacts in the State of California.

                      Agency Relationship

3.    Plaintiff is informed and believes and herein alleges that, at all relevant times, Defendant SAFECO was the agent or employee of American Economy Insurance. Plaintiff is informed and believes and herein alleges that, at all relevant times, Defendant SAFECO was the agent or employee of ServiceMaster.  Plaintiff is informed and believes and herein alleges that, at all relevant times, Defendant SAFECO was the agent or employee of ServiceMaster of San Francisco/San Mateo.

4.    Subject Matter Jurisdiction

            The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC Sec. 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the defendants filed a notice of removal originally filed complaint and entire case from San Francisco Superior Court in the state of California to federal court on May 12, 2008.

5.    Venue

            All claims asserted herein arose in this district; and, the Plaintiff resides in this district.

                      **FACTUAL ALLEGATIONS**

6.    Plaintiff MAC MILLAN entered into a written insurance policy with American Economy Insurance, which was administered by and through its agent and adjuster, Safeco Insurance Company of America ("SAFECO").

7.    The written insurance policy with American Economy Insurance, administered by and through its agent and adjuster, SAFECO, was in effect throughout the entire

Page -2-

FIRST AMENDED COMPLAINT FOR DAMAGES

1  year of 2005.

2      8.    The written insurance policy covered fire damage to Plaintiff MAC
3  MILLAN and his business Into Video.

4      9.    On November 22, 2005, Plaintiff MAC MILLAN suffered property
5  damage due to a fire which occurred near his business property located at 1439 Haight St., San
6  Francisco, CA 94117.

7      10.    In December of 2005, Plaintiff MAC MILLAN began to discuss coverage
8  issues with Defendant SAFECO's individual adjuster and employee, Kimball Hanson.

9      11.    Defendant SAFECO took responsibility for administering the written
10  insurance policy that was existing between Plaintiff MAC MILLAN and American Economy
11  Insurance as to the fire which occurred on November 22, 2005.

12      12.    Defendant SAFECO took responsibility for employing and directing
13  ServiceMaster and ServiceMaster of San Francisco/San Mateo as to the cleaning, inventorying
14  and transferring of Plaintiff's damaged goods to a safe location.

15      13.    Defendant SAFECO through its individual adjuster and employee, Kimball
16  Hanson made oral promises amounting to an oral contract with Plaintiff MAC MILLAN, on
17  behalf Defendant SAFECO, as to what items could be insured due to Plaintiff's fire damage.

18      14.    At the instruction of Defendant SAFECO and its individual adjuster and
19  employee, Kimball Hanson, Service Master and ServiceMaster of San Francisco/San Mateo
20  destroyed much of Plaintiff's unique inventory rather than transferring it to a warehouse for
21  safekeeping.

22      15.    The property disposed of by Service Master and ServiceMaster of San
23  Francisco/San Mateo was affected without Plaintiff's consent and with gross negligence and
24  malfeasance.

25      16.    After the valuable and unique property was disposed of at the direction of
26  SAFECO, Defendant SAFECO refused to pay the full insurance coverage amount due for
27  Plaintiff's losses as to inventory and equipment, loss of revenue, computer hardware rental and
28  consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

Page -3-

FIRST AMENDED COMPLAINT FOR DAMAGES

Case 3:08-cv-02424-EMC   Document 15-2   Filed 05/20/2008   Page 44 of 126

1    Wherefore, Plaintiff prays for damages as set forth herein.

2                         **FIRST CAUSE OF ACTION**

3                         **FOR BREACH OF CONTRACT**

4          17.    Plaintiff realleges and incorporates by reference each and every

5    allegation contained in paragraph 1 through 16 of this complaint, and incorporates same by

6    reference as though set forth herein full.

7          18.    Defendant SAFECO has breached the policy of the insurance in that it

8    failed and refused to pay the full insurance coverage amount due under the written contract

9    between Plaintiff MAC MILLAN and American Economy Insurance.

10          19.    Defendant SAFECO was the authorized agent of American Economy

11    Insurance at all times during its interaction with Plaintiff MAC MILLAN with regards to the

12    fire on November 22, 2005.

13          20.    Defendant SAFECO also made oral promises about what would and

14    would not be covered by insurance payments while communicating with Plaintiff MAC

15    MILLAN with regards to the fire on November 22, 2005.

16          21.    As a direct and proximate result of defendant's breach its contractual

17    duties, Plaintiff has incurred damages, including special damages and costs.

18          Wherefore, Plaintiff prays for judgment against Defendant as fully set forth

19    herein.

20                         **SECOND CAUSE OF ACTION**

21    **FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

22          22.    Plaintiff realleges and incorporates by reference each and every

23    allegation contained in paragraph 1 through 21 of this complaint, and incorporates same by

24    reference as though set forth herein full.

25          23.    Defendant SAFECO has breached the policy of the insurance in that it

26    failed and refused to pay the full insurance coverage amount due under the written contract

27    between Plaintiff MAC MILLAN and American Economy Insurance, of which SAFECO

28    was an agent.

FIRST AMENDED COMPLAINT FOR DAMAGES

1    24.    Defendant SAFECO was the authorized agent of American Economy

2    Insurance at all times during its interaction with Plaintiff MAC MILLAN with regards to the

3    fire on November 22, 2005.

4    25.    Defendant SAFECO also made oral promises about what would and

5    would not be covered by insurance payments while communicating with Plaintiff MAC

6    MILLAN with regards to the fire on November 22, 2005.

7    26.    Implied in the insurance policy is Defendant's obligation to act fairly

8    and in good faith with Plaintiff by promptly investigation any claims and to avoid unfairly

9    denying Plaintiff the benefits to which it is entitled under the insurance policy issued by

10   Defendant SAFECO and American Economy Insurance to Plaintiff MAC MILLAN.

11   27.    Defendant breached its obligation to act fairly and in good faith toward

12   Plaintiff by directing ServiceMaster and ServiceMaster of San Francisco/San Mateo to

13   destroy unique and valuable inventory and by failing to pay the full insurance value for

14   damaged inventory, and equipment, loss of revenue, computer hardware rental and

15   consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

16   28.    As a direct and proximate result of defendant's breach of the implied

17   covenant of good faith and fair dealing, Plaintiff has incurred damages, including special

18   damages, general damages (including emotional distress) and costs.

19   29.    In committing the aforementioned acts, defendant acted with

20   oppression, fraud, and malice with the intent to willfully injure, harass, vex, and annoy

21   Plaintiff with conscious disregard for Plaintiff's rights. Upon information and belief, all of

22   the aforementioned alleged acts were done or ratified by Defendant's management level

23   employees, who acted with knowledge that Defendant's conduct would cause Plaintiff harm.

24   Plaintiff is therefore entitled to recover punitive damages pursuant to Civil Code 3294.

25   Wherefore, Plaintiff prays for judgment against Defendant as fully set forth

26   herein.

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### FOR INTENTIONAL INTERFERENCE WITH CONTRACT

29.  Plaintiff realleges and incorporates by reference each and every allegation contained in paragraph 1 through 28 of this complaint, and incorporates same by reference as though set forth herein full.

30.  At all relevant times, Defendant knew of Plaintiff's existent written contract and insurance policy with American Economy Insurance.

31.  Despite knowing of this contract and existing business relationship, Defendant intentionally interfered with those contracts and business relationships by instructing ServiceMaster and ServiceMaster of San Francisco/San Mateo to destroy valuable inventory belonging to Plaintiff MAC MILLAN. Had Defendant not engaged in such conduct, Plaintiff could have more easily identified the value of the destroyed items.

32.  Defendant SAFECO also failed to pay coverage amount per the insurance policy as to damaged inventory and equipment, loss of revenue, computer hardware rental and consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

33.  Defendant SAFECO's actions negatively affected Plaintiff's contract between Plaintiff and American Economy Insurance.

34.  As a direct and proximate result of defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has incurred damages, including special damages, general damages (including emotional distress) and costs.

35.  In committing the aforementioned acts, defendant acted with oppression, fraud, and malice with the intent to willfully injure, harass, vex, and annoy Plaintiff with conscious disregard for Plaintiff's rights. Upon information and belief, all of the aforementioned alleged acts were done or ratified by Defendant's management level employees, who acted with knowledge that Defendant's conduct would cause Plaintiff harm. Plaintiff is therefore entitled to recover punitive damages pursuant to Civil Code 3294.

Wherefore, Plaintiff prays for judgment against Defendant as fully set forth

FIRST AMENDED COMPLAINT FOR DAMAGES

1  herein.

2

3  ## FOURTH CAUSE OF ACTION

4  ## FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC

5  ## ADVANTAGE

6       36.    Plaintiff MAC MILLAN repeats, realleges and incorporates herein by

7  reference each and every allegation set forth in paragraphs 1 through 35 above, as if set forth

8  herein in full.

9       37.    Defendant SAFECO knew of Plaintiff's ongoing business relationships

10  with American Economy Insurance, and that it relied on American Economy Insurance in

11  case of fire damage to Plaintiff's property.

12       38.    Through their failure to effectively apply insurance policy and directing

13  the cleaning company to destroy valuable property, Defendant has interfered with

14  prospective advantage of Plaintiff pursuant to the insurance policy with American Economy

15  Insurance.

16       39.    As a direct result of Defendants' negligent interference, Plaintiff has

17  been damaged in an amount according to proof at trial.

18       40.    Wherefore, Plaintiff prays for judgment against Defendant in

19  accordance with the Prayer for Relief as set forth below.

20  ## FIFTH CAUSE OF ACTION

21  ## FOR NEGLIGENCE

22       41.    MAC MILLAN repeats, realleges and incorporates herein by

23  reference each and every allegation set forth in paragraphs 1 through 40, above, as if set

24  forth herein in full.

25       42.    Based on the conduct alleged herein, Defendant SAFECO negligently,

26  careless, recklessly, wantonly, and unlawfully followed policies and procedures and

27  proximately caused Plaintiff to be deprived of valuable and unique property which was

28  supposed to be kept for safekeeping by Defendant SAFECO and its agent or employee,

Case 3:08-cv-02424-EMC   Document 1-2   Filed 05/20/2008   Page 8 of 26

1   ServiceMaster and ServiceMaster of San Francisco/San Mateo.

2          43.    As a direct and proximate result of the negligence, carelessness,

3   recklessness, wantonness, and unlawfulness of Defendant, Plaintiff has suffered severe

4   damages in an amount within the jurisdiction of this Court and to be shown according to

5   proof.

6          44.    Wherefore, Plaintiff prays for judgment against Defendant in

7   accordance with the Prayer for Relief indicated below.

8                          **SIXTH CAUSE OF ACTION**

9                        **FOR NEGLIGENT SUPERVISION**

10         45.    MAC MILLAN repeats, realleges and incorporates herein by reference

11  each and every allegation set forth in paragraphs 1 through 44, above, as if set forth herein in

12  full.

13         46.    At all times mentioned in this Defendant SAFECO

14  negligently and carelessly supervised ServiceMaster and ServiceMaster of San

15  Francisco/San Mateo.

16         47.    Defendants breached their duty to exercise reasonable care and acted

17  negligently and carelessly in supervision *by directing the destruction rather than*

18  *preservation of Plaintiff's valuable and unique inventory.*

19         48.    As a direct and proximate result of the negligence of Defendants as set

20  forth above, Plaintiff has sustained economic and non-economic damages and financial

21  discomfort, all in an amount to be determined by proof at trial.

22         WHEREFORE, plaintiff MAC MILLAN, prays for judgment against

23  DEFENDANT in accordance with the Prayer for Relief as set forth below.

24                        **SEVENTH CAUSE OF ACTION**

25                            **FOR CONVERSION**

26         49.    MAC MILLAN repeats, realleges and incorporates herein by reference

27  each and every allegation set forth in paragraphs 1 through 48, above, as if set forth herein in

28  full.

FIRST AMENDED COMPLAINT FOR DAMAGES

1          50.   Plaintiff is, and at all times relevant herein was, the owner of or entitled to

2    immediately possess the following items of property:

3          **a)** Valuable videotapes, dvds (upon information and belief), audiotapes (upon

4    information and belief), and clothing located in Plaintiff's attic at the Haight Street location;

5          **b)** Valuable videotapes, dvds (upon information and belief), audiotapes (upon

6    information and belief), and clothing not located in Plaintiff's attic at the Haight Street location;

7          51.   Defendants wrongfully interfered with Plaintiff's interests in the property

8    described above by undertaking the following acts or omissions:

9          **a)**   By wrongfully instructing  ServiceMaster and ServiceMaster of San

10   Francisco/San Mateo to destroy Plaintiff's property rather than preserve it  or place it in a

11   warehouse for safekeeping and proper inventory.

12         52.   While Defendant SAFECO originally came into

13   possession of the converted property legally, Defendant SAFECO then improperly retained and

14   instructed it to be destroyed.

15         53.   As a result of Defendant SAFECO's acts of conversion,

16   Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory

17   damages.   Alternatively, Plaintiff is entitled to seek to damages and repossession of the

18   converted property and will seek its election of remedies at trial.  Plaintiff is further entitled to

19   compensation for the time and money expended in pursuit of the property.

20         54.   In doing the acts herein alleged, defendants acted with oppression, fraud,

21   malice and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to

22   punitive damages according to proof at the time of trial.

23         55.   Plaintiff is further entitled to the imposition of a constructive trust

24   on the converted goods and their fruits and is entitled to a tracing with respect to the converted

25   goods.

26         56.   Plaintiff is further entitled to the imposition of an equitable lien on the

27   converted goods.

28         57.   Wherefore, Plaintiff prays for judgment in accordance with the Prayer for

FIRST AMENDED COMPLAINT FOR DAMAGES

1  Relief indicated below.

2       58.     Attach as Exhibit A is a portion of Plaintiff's Insurance Policy written

3  contract with American Economy Insurance with the name "Safeco Insurance of America" also

4  written on the document.

5       59.     Attached as Exhibit B is a true and correct copy of a contract between

6  Plaintiff MAC MILLAN and ServiceMaster or ServiceMaster of San Francisco/San Mateo.

7                                        **PRAYER FOR RELIEF**

8     A.    ON THE FIRST CAUSE OF ACTION:

9           a.     For incidental and consequential damages, compensatory damages

10  according to proof;

11           b.     For an award of interest, including prejudgment interest, at the legal rate;

12           c.     For costs of suit; and

13           d.     For such other and further relief as the Court considers proper under the

14  circumstances.

15     B.    ON THE SECOND CAUSE OF ACTION:

16           a.     For compensatory and consequential damages, according to proof;

17           b.     For an award of interest, including prejudgment interest, at the legal rate;

18           c.     For costs of suit; and

19           d.     For such other and further relief as the Court considers proper under the

20  circumstances.

21     C.    ON THE THIRD CAUSE OF ACTION:

22           a.     For compensatory damages according to proof;

23           b.     For an award of interest, including prejudgment interest, at the legal rate;

24           c.     For costs of suit; and

25           d.     For such other and further relief as the Court considers proper under the

26  circumstances.

27     D.    ON THE FOURTH CAUSE OF ACTION:

28           a.     For compensatory damages according to proof;

FIRST AMENDED COMPLAINT FOR DAMAGES

1          b.     For an award of interest, including prejudgment interest, at the legal rate;

2          c.     For costs of suit; and

3          d.     For such other and further relief as the Court considers proper under the

4 circumstances.

5

6      E.     ON THE FIFTH CAUSE OF ACTION:

7          a.     For compensatory damages according to proof;

8          b.     For an award of interest, including prejudgment interest, at the legal rate;

9          c.     For attorneys' fees, expenses and other costs of suit; and

10          d.     For such other and further relief as the Court considers proper under the

11 circumstances.

12

13      F.     ON THE SIXTH CAUSE OF ACTION:

14          a.     For compensatory damages according to proof;

15          b.     For an award of interest, including prejudgment interest, at the legal rate;

16          c.     For attorneys' fees, expenses and other costs of suit; and

17          d.     For such other and further relief as the Court considers proper under the

18 circumstances

19 ///

20 ///

21 ///

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1      G.    ON THE SEVENTH CAUSE OF ACTION:

2            a.    For compensatory damages according to proof;

3            b.    For an award of interest, including prejudgment interest, at the legal rate;

4            c.    For attorneys' fees, expenses and other costs of suit; and

5            d.    For such other and further relief as the Court considers proper under the

6    circumstances.

7

8    Dated: May 22, 2008                              THE REVELATION LAW FIRM
9                                                     *A Professional Corporation*

10
                                            By:_____
11                                              Melanie D. Popper, Esq.
                                                Attorney for Plaintiff
12                                              JOHN MICHAEL MAC MILLAN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

Case 3:08-cv-02424-EMC   Document 15-2   Filed 05/22/2008   Page 13 of 26

1      ## DEMAND FOR JURY TRIAL

2            Plaintiff hereby demands a jury trial on all issues triable by jury as provided by

3      Rule 38(a) of the Federal Rules of Civil Procedure.

4

5

6

7      Dated: May 22, 2008                        THE REVELATION LAW FIRM
                                                  *A Professional Corporation*
8

9                                                 By:_____
                                                      Melanie D. Popper, Esq.
10                                                    Attorney for Plaintiff
                                                      JOHN MICHAEL MAC MILLAN
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT A

 Insurance

# ULTRA-PLUS

This endorsement modifies insurance provided under the following:

### BUSINESSOWNERS COVERAGE FORM

All other terms and conditions applicable to SECTION I PROPERTY and SECTION II LIABILITY apply, except as provided by this endorsement.

SECTION I — PROPERTY is changed as follows:

| Description | Section | The most we will pay is |
|---|---|---|
| Covered Property is extended to include electronic communications equipment, including radio and television antennas, satellite dishes and their lead-in wiring, masts or towers. | A.1.a. | |
| Covered Property is extended: Property of Others that is in your care, custody or control is extended to include the cost of labor, materials or services furnished or arranged by you on personal property of others. This is without regard to your legal liability. | A.1.b.(2) | |
| Proximity Limitation is broadened: The 100 feet limitation is increased to 1,000 feet. | A.1.a.(6)(b), A.1.b., A.5.f.(1), A.5.g.(1), A.6. | |
| Property Not Covered is amended to read: Outdoor fences, signs (other than signs attached to buildings), trees, shrubs or plants, all except as provided in the:<br>(1) Outdoor Property Coverage Extension; or<br>(2) Outdoor Signs Optional Coverage; | A.2.e. | |

### Additional Coverages

| | | |
|---|---|---|
| Debris Removal is broadened: | A.5.a.(4) | $25,000 for each location in any one occurrence. |
| Fire Department Service Charge is broadened. | A.5.c. | Actual Loss Sustained |
| Business Income is broadened:<br>The 60-day limitation applicable to ordinary payroll is deleted. Also, APPLICABLE TO DENTIST OFFICES, the following paragraph is added:<br>We will also pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration", resulting from loss by a Covered Cause of Loss to water pipes, electric power transmission lines or telephone lines not located at the described premises. | A.5.f.(1) | |

Safeco ® and the Safeco logo are trademarks of Safeco Corporation
EP

**Deductibles** is amended to read: Regardless of the amount of the Deductible, the most we will deduct from any loss or damage for Glass and under all of the following Optional Coverages in any one occurrence is $250:

    a. Money and Securities

    b. Outdoor Signs

But this $250 Glass and Optional Coverage Deductible will not increase the Deductible shown in the Declarations. This Deductible will be used to satisfy the requirements of the deductible in the Declarations.

D.2.

No deductible applies to the following Additional Coverages:

    a. Arson Reward

    b. Extra Expense

    c. Employee Dishonesty

    d. Fire Department Service Charge

    e. Fire Extinguisher Recharge Expense

    f. Civil Authority

    g. Money Orders and Counterfeit Paper Currency

D.3.

**Loss Payment** is amended to read:

    (1) At replacement cost without deduction for depreciation, subject to the following:

        (a) We will pay the cost to repair or replace, after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:

            (i) The Limit of Insurance under Section I Property that applies to the lost or damaged property;

            (ii) The cost to replace, on the same premises, the lost or damaged property with other property:

                i. Of comparable material and quality; and

                ii. Used for the same purpose; or

            (iii) The amount that you actually spend that is necessary to repair or replace the lost or damaged property.

        If a building is rebuilt at a new premises, the cost is limited to the cost which would have been incurred had the building been built at the original premises.

        (b) You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim on a replacement cost basis if you notify us of your intent to do so within 180 days after the loss or damage.

        (c) We will not pay on a replacement cost basis for any loss or damage:

            (i) Until the lost or damaged property is actually repaired or replaced; and

E.6.d.(1)



applies per occurrence regardless of the number of
persons providing this information.

**Theft Damage to Buildings** (Coverage Is broadened    A.6.h.        $25,000
for Tenants) — Damage by burglars, meaning direct
loss or damage to the described property by burglars.
Damage by burglars does not include loss resulting from
theft of the property.

**Leased Trees and Plants** — You may extend the       A.6.i.        Actual Loss Sustained
insurance provided by this policy to apply to trees
and plants which are leased by you for your
business purposes. The most we will pay for loss
or damage under this Extension is:

**Business Personal Property Limit — Automatic Increase**  C.6.
We will adjust the Limit of Insurance for Business Personal
Property on each anniversary and/or renewal of the policy.
The amount of the adjustment will be based on inflation and
the economic factors for the preceding year.

**SECTION II — LIABILITY** is changed as follows:

The following items are amended:

**Coverage Extension — Supplementary Payments**        A.1.f.(1)(d)
    All reasonable expenses incurred by the insured
    at our request to assist us in the investigation or
    defense of the claim or "suit", including actual
    loss of earnings up to $500 a day because of time
    off from work.

  2.  **Applicable to Medical Expenses Coverage**
      We will not pay expenses for "bodily injury";    B.2.a.
      a.  To any insured, except volunteer workers
         who are not paid a fee, salary or other
         compensation;
  3. The following are added:

  **Exclusions**

      (6) An aircraft you do not own, provided it is    B.1.g.(6)
          not operated by any insured.

  C.  **WHO IS AN INSURED** — Each of the              C.2.e.
    following is also an insured:

    e.  Any person(s) who are volunteer worker(s)
      for you, but only while acting at the direction of,
      and within the scope of their duties for you.
      However, no volunteer(s) is an insured for:

      (1) "Bodily injury" or "personal and advertising
         injury" to you, to your partners or members
         (if you are a partnership or joint venture), to
         your members (if you are a limited liability
         company), or to a co-volunteer or your
         "employees" while that volunteer is in the
         course of performing his or her duties
         related to the conduct of your business;
      (2) "Property damage" to property:
         (a) Owned, occupied or used by,
         (b) Rented to, in the care, custody or
            control of, or over which physical control
            is being exercised for any purpose by
         you, any of your co-volunteers or your

"employees", any partner or member
(if you are a partnership or joint venture),
or any member (if you are a limited liability
company).

C. WHO IS AN INSURED — Coverage is added C.4.
for Newly Acquired Organizations:

4. Any organization you newly acquire or form,
other than a partnership, joint venture, or
limited liability company and over which you
maintain ownership or majority interest, will qualify
as a named insured if there is no other similar
insurance available to that organization. However:
a. Coverage under this provision is afforded only
until the 120th day after you acquire or form the
organization or the end of the policy period,
whichever is earlier;
b. A. Coverages 1. Business Liability does
not apply to:
(1) "Bodily injury" or "property damage" that
occurred before you acquired or formed the
organization; and
(2) "Personal and advertising injury"
arising out of an offense committed before
you acquired or formed the organization.

No person or organization is an insured with
respect to the conduct of any current or past
partnership, joint venture, or limited liability
company that is not shown as a Named
Insured in the Declarations.

All other provisions of this policy apply.

**C 43 59 04 05**

 Insurance

## NOTICE TO POLICYHOLDERS

Your Commercial Businessowners policy has been updated to provide the greatest possible protection at an affordable price. The most significant changes are highlighted below. Some language has also been clarified without a change in coverage. Not every form, coverage or endorsement discussed here may be applicable to your particular policy. For a complete understanding of the changes, please read your policy carefully. If you have any questions, your independent agent will be happy to assist you. *No coverage is provided by this summary, nor does it replace any provision of your policy. If your policy and this summary conflict, the policy prevails.*

Thank you for entrusting us with your insurance needs. We appreciate having you as a customer!

### ULTRA PLUS ENDORSEMENT — BP 70 76

The Ultra Plus Endorsement BP 70 76 is included on your renewal Businessowners policy. This endorsement modifies insurance under the BUSINESSOWNERS COVERAGE FORM.

### EXPANSION OF COVERAGE — SECTION I PROPERTY

- **Brands and Labels** coverage is automatically included at no additional charge. The most we will pay is $25,000 for costs associated with removing brands or labels from merchandise that has been damaged by a covered cause of loss.
- **Consequential Damage to Pairs or Sets** is automatically included at no additional charge. We will pay up to the limit of insurance shown in the Declarations for any reduction in value of a pair or set damaged by a covered cause of loss.
- **Debris Removal** is broadened. The most we will pay at each location has been increased from $15,000 to $25,000 at no additional charge.
- **Forgery or Alteration** is broadened. The most we will pay for any loss, including legal expenses, has been increased from $5,000 to $25,000 at no additional charge.
- **Newly Acquired or Constructed Property — Buildings** is broadened. The most we will pay for loss or damage has been increased from $500,000 to $1,000,000.
- **Newly Acquired or Constructed Property — Business Personal Property** is is broadened. The most we will pay for loss or damage has been increased from $250,000 to $500,000.
- **Personal Effects** is broadened. The most we will pay for loss or damage has been increased from $2,500 to $10,000 at no additional charge.
- **Personal Property Off Premises** is amended to include Salespersons Samples in the $25,000 limit of insurance at no additional charge.

### COMMERCIAL FINE ARTS COVERAGE — BP 70 59 (if applicable)
### COMMERCIAL FINE ARTS COVERAGE TEXAS — BP 81 51 (if applicable)

### EXPANSION OF COVERAGE

- Commercial Fine Arts coverage is automatically included up to $10,000 and the coinsurance clause has been deleted for coverage up to this additional limit.

Safeco ® and the Safeco logo are trademarks of Safeco Corporation
EP

 Insurance

# NOTICE TO POLICYHOLDERS

This notice has been prepared in conjunction with the implementation of changes to your policy. It contains a brief summary of the endorsements listed. No coverage is provided by this policyholder notice, nor can it be construed to replace any provisions of your policy. If there is any conflict between the policy and this summary, the provisions of the policy shall prevail.

The endorsement discussed in this NOTICE is applicable to your particular policy.

Please read your policy, and the endorsements attached to your policy, carefully.

## REDUCTIONS IN COVERAGE: EXCLUSIONS

### BP 04 17   Employment-Related Practices Exclusion

This endorsement specifies that insurance under the Businessowners Coverage Form BP0003 does not apply to "bodily injury" or "personal and advertising injury" to a person, their spouse, child, parent, brother or sister as a consequence of "bodily injury" or "personal and advertising injury" to that person, as a result of any refusal to employ, termination of employment or employment-related practices, policies, acts or omissions.

Limited Employment Practices Liability coverage applies under coverage form BP 81 28 which is also attached to your policy. Please read this coverage form carefully.



Safeco and the Safeco logo are registered trademarks of Safeco Corporation

EP

C-IN-05-PRINT001-0046-0011-7

## ULTRA DRY CLEANERS & LAUNDRIES BAILEE'S COVERAGE FORM — BP 70 21 (If applicable)

### EXPANSION OF COVERAGE

● Coverage for accidental loss or damage to the property of others in the care, custody and control of the insured is provided even if the loss is caused by faulty, inadequate or defective conduct.

      (ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

      However, if the cost to repair or replace the damaged building property is $2,500 or less, we will settle the loss according to the provisions of Paragraph d.(1)(a) above whether or not the actual repair or replacement is complete.

    (d) The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

**Employee Dishonesty** is broadened: The Employee Dishonesty discovery period is extended from one year to two years from the end of the Policy Period.

G.3.g.

2. The following items are deleted:

**Valuable Papers and Records**

For valuable papers and records not at the described premises, the most we will pay is $5,000.

A.6.e.(3)

**PROPERTY LOSS CONDITIONS — Loss Payment**
Property of others, but this property is not covered for more than the amount for which you are liable, plus the cost of labor, materials or services furnished or arranged by you on personal property of others.

E.6.d.(3)(b)

3. The following items are added:

**Brands and Labels --**

A. If branded or labeled merchandise that is Covered Property is damaged by a Covered Cause of Loss, we may take all or any part of the property at an agreed or appraised value. If so, you may:

  1. Stamp salvage on the merchandise or its containers, if the stamp will not physically damage the merchandise; or

  2. Remove the brands or labels, if doing so will not physically damage the merchandise. You must relabel the merchandise or its containers to comply with the law.

B. We will pay reasonable costs you incur to perform the activity described in A.1. or A.2. above.

A.5.o.

$25,000 for these costs, subject to the Business Personal Property Limit of Insurance shown in the Declarations.

**Consequential Damage to Pairs or Sets —**
If pairs or sets of "stock" are damaged by a Covered Cause of Loss, we will pay any reduction in value of the undamaged parts of such damaged pairs or sets.

A.5.p.

the Limit of Insurance shown in the Declarations.

**Arson Reward** — We will pay an arson reward for information which leads to an arson conviction for loss or damage covered by this policy. This limit

A.6.g.

$5,000

| | | |
|---|---|---|
| **Forgery and Alteration** is broadened: | A.5.k. | $25,000 |

**Coverage Extensions**

**Newly Acquired or Constructed
Property is broadened:**

| | | |
|---|---|---|
| Buildings | A.6.a.(1) | $1,000,000 |
| Business Personal Property | A.6.a.(2) | $500,000 |
| Period of Coverage is broadened: Coverage will end: "30 days" is replaced with "180 days". | A.6.a.(3)(b) | |

**Personal Property Off Premises** is amended:
You may extend the insurance that applies to Business
Personal Property to apply to covered Business Personal
Property (including Salesperson's samples) other than
"money" and "securities" or accounts receivable, while it
is in the course of transit or at a premises you do not own,
lease or operate (other than the private residence of the
owner).

A.6.b.          $25,000

**Outdoor Property** is amended:
Lawns are added as covered outdoor property.
Radio and television antennas (including satellite
dishes) are removed. The referenced causes of
loss are replaced with "specified causes of loss".

A.6.c.          $10,000, but not more
than $1,000 for any one
tree, shrub or plant.

**Personal Effects** is broadened:          A.6.d.(2)          $10,000

**Exclusions**

**Water** is amended: Water that backs up or
overflows from a sewer, drain or sump
is deleted. The most we will pay as a result
of water that backs up or overflows from a
sewer, drain or sump is:

B.1.g.(3)          $5,000 at each described
premises, or the amount
shown for this cause of
loss in the Declarations,
whichever is greater.

**Building Limit — Automatic Increase** is amended:          C.4.
  a. We will adjust the Limit of Insurance for Buildings
     on each anniversary and/or the renewal of the policy.
     The amount of the adjustment will be the percent of
     increase or decrease as that which has occurred during
     the preceding policy year in the cost-of-construction
     factor, as reported in the publication of a recognized
     independent appraisal company.
  b. When a loss exceeds the Limit of Insurance applying
     under this policy, the amount we will pay will be
     increased to the lesser of:
     (1) Full replacement value at the time of loss; or
     (2) 105% of the Limit of Insurance.
  c. You agree to report to us any additions, improvements
     or enlargements of Covered Property which have been
     made since the effective date of this policy. If any
     of these changes are not reported to us upon completion,
     and the enlargements are equal to more than 5% of the
     Limit of Insurance, any loss occurring after that time
     shall be adjusted in accordance with the provisions of
     the policy without consideration of paragraph C.4.b. above.

**Business Personal Property Limit — Seasonal Increase**          C.5.a.
is broadened: The Limit of Insurance for Business
Personal Property will automatically increase by 33%
to provide for seasonal variations.



*ServiceMASTER*
**Clean.**

# AUTHORIZATION FOR REPAIRS AND PAYMENT

Property Owner _Michael Mac Millan_

Property Address _143a Haight Street_

City _San Francisco,_     State _CA_     Zip _____

Phone (H) _415 - 606 - 4247_     (W) _____

Insurance Company _SafeCo_     Deductible _1000.00_

Adjuster _Dan Sharp_     Phone _____

Policy # _____     Claim # _408146882015_

The undersigned _Michael Mac Millan_, hereinafter referred to as
**Owner,** authorizes ServiceMaster of San Francisco/San Mateo, hereinafter referred to as
ServiceMaster, to proceed with emergency cleaning and/or restoration services required to
restore the above listed property and/or contents from damage caused by _Fire_
on _11/22/05_.

**Owner** understands that the total cost of cleaning and/or repairs shall be payable upon
completion of work and **hereby authorizes and instructs that direct payment be made to**
ServiceMaster. **Owner** understands that he/she is liable for payment of any deductible and for
any and all charges not covered by **Owner's** insurance company.

**Owner** further understands that emergency services are necessary steps taken to prevent
additional damage to the building and/or contents and that restoration services may include
cleaning, drying, repair, resurfacing, refinishing and/or replacement of building materials and
contents. ServiceMaster agrees to perform emergency services and restoration services in a
workmanlike manner using reasonable care to restore the property and contents as nearly as
possible to their pre-loss condition. With respect to items that need to be restored at a remote
location, ServiceMaster is hereby authorized to move those items. ServiceMaster will prepare
an inventory of items removed from the property and **Owner** will be given an opportunity to
accept the inventory count and description before items are transferred.

**Owner** agrees that if any invoice for services shall not be paid when due, the balance due shall
bear interest of 18% per annum. The makers, endorsers, guarantors or sureties hereby jointly and
severally agree to pay all costs of collection including reasonable attorney's fees. Unless
otherwise prohibited by state law, if any unpaid balance is referred to an attorney for collection,
**Owner** authorizes any attorney of record to confess judgment to be entered by any Court that
may have jurisdiction, at any time after default in payment shall occur and hereby waives all
exceptions to the extent permitted by law.

Date _11/28/05_     **Time of Crew Arrival** _____

**Property Owner** _____

**ServiceMaster Representative** _____

SMC-002-120203

**SERVICEMASTER OF SAN FRANCISCO/SAN MATEO**
439 Eccles Avenue
So San Francisco, CA 94080
(415) 584-6100
(800) 439-8833
Fax: (650) 873-6334

# Fax Transmittal

| To: | Michael Mac Millan | From: | Tina Ross |
|---|---|---|---|
| Fax: | 415-861-1875 | Date: | November 28, 2005 |
| Phone: | | Pages: | 2 including cover page |
| Re: | | Claim # | 408146882015 |

Micheal,

Sign and fax back to me.  Call me anytime and you are able to come see your items at your convenience.
Sorry the form is so mess, I filled it out at the site.......


Thank you,

Tina Ross
Fire Estimator

*LAW OFFICE OF*
***SHEILA F. GONZALEZ***
2730 Gateway Oaks Drive, Suite 210
Sacramento, California 95833-3503
Telephone:  (916) 923-9505
Fax No.:      (888) 813-3351

Sheila F. Gonzalez
Thomas B. Spaulding
R. Lawrence Bragg
Theresa L. Heptner
David D. MacMillan
Kou Lor

Fairfield Office:
Telephone:   (707) 639-4200

Employees of the Safeco P & C Insurance Companies

May 27, 2008

*VIA FACSIMILE AND U.S. MAIL*:  (510) 665-4197

Melanie Popper, Esq.
The Revelation Law Firm
2550 9th Street, Suite 208A
Berkeley, CA 94710

Re:    Mac Millan v. Safeco Insurance Company of America
       United States District Court, Northern District of CA
       Case No. C 08-02424 EMC

Dear Ms. Popper:

We are in receipt of the First Amended Complaint filed by your client in this matter.  I have had a chance to review this Amended Complaint and would like to take this opportunity to meet and confer regarding the following issues.

The First Amended Complaint names Safeco Insurance Company of America and claims that Safeco Insurance Company of America was the agent of American Economy Insurance Company as well as Service Master.  This Amended Complaint refers to the insurance policy issued by American Economy Insurance Company to your client, but it attaches an incomplete copy of the insurance policy.  The attached policy forms do not include the declaration page which sets forth the contracting parties and shows that Safeco Insurance Company of America was not a party to the contract.  A complaint for breach of contract must include the following: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom.  Acoustics, Inc. v. Trepte Construction Co., 14 Cal. App. 3d 887, 913 (1971).  Since Safeco Insurance Company of America was not a party to the insurance contract, it cannot be held liable for a breach of this agreement.  If an insurer is not liable for breach of the insurance contract, the insurer also cannot be held liable for breach of the implied covenant of good faith and fair dealing.  Waller v. Truck Ins. Exchange, 11 Cal. 4th 1, 35-36 (1997).  Accordingly, it appears that Safeco Insurance Company of America was improperly named and should be dismissed from this action.

I note that the Third Cause of Action is for Intentional Interference with Contract.  The elements of this cause of action are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.  Pacific Gas & Elec. Co. v. Bear Sterns & Co., 50 Cal. 3d 1118, 1126 (1990).  A cause of action for intentional interference with contractual relations does

Melanie Popper, Esq.
Re: Mac Millan v. Safeco Ins. Co. of America
May 27, 2008
Page 2

not lie against a party to the contract. Dryden v. Tri-Valley Growers, 65 Cal. App. 3d 990, 999 (1977). The First Amended Complaint alleges that Safeco Insurance Company of America was an agent of American Economy Insurance Company, which is the entity that issued the insurance policy to your client. As the cause of action for Intentional Interference with Contractual Relations lies only for acts of third parties, not parties to the contract, this cause of action, fails to state a claim against Safeco Insurance Company of America.

The Fourth Cause of Action is for Negligent Interference with Prospective Economic Advantage. This tort is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship. North American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764, 786 (1997). The same rationale which bars prosecution of the tort of interference with contractual relations against a party to the contract, also applies to the tort of interference with prospective economic advantage against a party to the relationship from which the plaintiff's anticipated economic advantage would arise. Kasparian v. County of Los Angeles, 38 Cal. App. 4th 242, 262 (1995). As such, this cause of action also fails to state a claim against Safeco Insurance Company of America.

The causes of action for Negligence and Negligent Supervision also fail to state a claim against the defendant. "Negligence is not among the theories of recovery generally available against insurers. Delay or failure to pay policy benefits may be actionable as a breach of contract or bad faith, not negligence." Croskey et al., Cal. Practice Guide: Insurance Litigation § 11:205, at 11-48.1 (The Rutter Group 2007). This conclusion further is supported by case law. See Benavides v. State Farm Gen. Ins. Co., 136 Cal. App. 4th 1241, 1253-1254 (2006); Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 989-990 (2004); Sanchez v. Lindsey Morden Claims Services, Inc., 72 Cal. App. 4th 249, 254 (1999). The cause of action for Negligence alleges that Safeco Insurance Company of America negligently followed policies and procedures which proximately caused your client to be deprived of his property. The cause of action for Negligent Supervision alleges that Safeco Insurance Company of America negligently and carelessly supervised Service Master which proximately caused damage to your client's property. Safeco Insurance Company of America did not hire Service Master, nor is Safeco a party to the contract between your client and Service Master, which is an independent company. The allegations contained in both causes of action do not fall within the limited circumstances which would allow an insured to pursue claims based on negligence against its insurer. As such, these causes of action fail to state a claim against Safeco Insurance Company of America.

As discussed above, the policy shows that Safeco Insurance Company of America was not a party to the insurance contract, and thus cannot be liable for breach of contract and breach of the implied covenant of good faith and fair dealing. Moreover, the remaining causes of action

Melanie Popper, Esq.
Re: <u>Mac Millan v. Safeco Ins. Co. of America</u>
May 27, 2008
Page 3

contained in the Amended Complaint fail to state a claim against Safeco Insurance Company of America. Please advise if you will consider dismissing the First Amended Complaint against Safeco Insurance Company of America. Otherwise, it will be necessary to raise these issues on a Motion to Dismiss under F.R.C.P. 12(b)(6).

We look forward to working with you in this matter. Please do not hesitate to call me or Mr. Bragg with any questions.

Very truly yours,

LAW OFFICE OF SHEILA F. GONZALEZ

KOU LOR
Attorney at Law

cc: R. Lawrence Bragg

# Transmission Log

Safeco104                    Tuesday, 2008-05-27  16:13                    (888)813-3351

| Job # | Date       | Time  | Length | Speed | Station Name/Number | Type | Pgs | Status          |
| ----- | ---------- | ----- | ------ | ----- | ------------------- | ---- | --- | --------------- |
| 38635 | 2008-05-27 | 16:11 | 1:32   | 14400 | 5106654197          | SCAN | 4   | OK -- V.17 AM11 |

**LAW OFFICE OF**
**SHEILA F. GONZALEZ**
2730 Gateway Oaks Drive, # 210
Sacramento, CA 95833
916/923-9505
Fax: 888/813-3351

Employees of the SAFECO P & C Insurance Companies

## FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:   (510) 665-4197

To:                Melanie Popper, Esq.
Of:                The Revelation Law Firm

From:              Kou Lor, Esq.
Of:                Law Office of Sheila F. Gonzalez
                   Employees of the SAFECO P & C Insurance Companies

Client/Matter:     Mac Millan v. Safeco Ins. Co. of America

Date:              May 27, 2008

| DOCUMENTS | NUMBER OF PAGES* |
| --------- | ---------------- |
| Meet and Confer re 1st Amended Complaint | 3 |

COMMENTS:   Original will follow via U.S. Mail.

☐   If this box is checked, the information contained in this facsimile message is information protected by the attorney-client and/or the attorney work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of this facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify me by telephone and return the original message to me at the above address via U.S. Postal Service.

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 916/923-9505.

# THE REVELATION LAW FIRM

2550 NINTH ST., SUITE 208A
BERKELEY, CA 94710
PHONE: (510) 665-4195
FAX: (510) 665-4197
WWW.REVELATIONLAW.COM

May 28, 2008

<u>Via U. S. Mail</u>
Kou Lorr, Esq.
R. Lawrence Bragg, Esq.
Law Office of Sheila Gonzalez
2730 Gateway Oaks Drive
Suite 210
Sacramento, CA 95833-3503

Re:    *MacMillan v. Safeco Insurance Company of America*
       United States Federal District Court – Northern District Court of Californi
       Case No. C 08-02424 EMC

Dear Counsel:

    I am in receipt of your letter dated May 27, 2008 regarding Plaintiff's First Amended Complaint. Plaintiff is unwilling to dismiss the First Amended Complaint because it adequately sets forth the grounds for liability against Defendant Safeco Insurance Company of America.

    Please find enclosed your copy of the First Amended Complaint, which may be served by mail upon counsel for Defendant.

    Thank you for your attention to this matter.

Sincerely,

Melanie D. Popper, Esq.

**PAGE -1-**

```
1   R. LAWRENCE BRAGG (SBN: 119194)
    LAW OFFICE OF SHEILA F. GONZALEZ
2   2730 Gateway Oaks Drive, Suite 210
    Sacramento, CA 95833
3   Tel: (916) 923-9505
    Fax: (888) 813-3351
4   Email: labrag@safeco.com

5   Attorney for Defendant
    SAFECO INSURANCE COMPANY OF AMERICA
6

7

8              IN THE UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

10

11  JOHN MICHAEL MAC MILLAN,          Case No.: C 08-2424 EMC

12                 Plaintiff,         MANUAL FILING NOTIFICATION
                                      REGARDING EXHIBIT D TO MOTION
13  vs.                               TO DISMISS FIRST AMENDED
                                      COMPLAINT
14
    SAFECO INSURANCE COMPANY OF
15  AMERICA, a corporation,

16                 Defendants.        DATE:  July 9, 2007
                                      TIME:  10:30 a.m.
17                                    ROOM:  C
                                      JUDGE: Magistrate Edward Chen
18
```

19                    MANUAL FILING NOTIFICATION

20  Regarding: Exhibit C to Defendant's Motion to Dismiss First Amended Complaint

21  This filing is in paper or physical form only, and is being maintained in the case
22  file in the Clerk's office.  If you are a participant in this case, this filing
    will be served in hard-copy shortly.  For information on retrieving this filing
23  directly from the court, please see the court's main web site at
24  http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

25  This filing was not efiled for the following reason(s):

26  [x] Voluminous Document (PDF file size larger than the efiling system allows)

27
    [_] Unable to Scan Documents
28
    [_] Physical Object (description): _____

                                    - 1 -

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

[_] Item Under Seal

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____

Dated: June 2, 2008

                           LAW OFFICE OF SHEILA F. GONZALEZ

                           By: _____
                               R. LAWRENCE BRAGG
                               Attorney for Defendant
                               SAFECO INSURANCE COMPANY OF
                               AMERICA

MANUAL FILING NOTIFICATION - Case No.: C 08-2424 EMC