R. LAWRENCE BRAGG (SBN: 119194)
LAW OFFICE OF SHEILA F. GONZALEZ
2730 Gateway Oaks Drive, Suite 210
Sacramento, CA 95833
Tel: (916) 923-9505
Fax: (888) 813-3351
Email: labrag@safeco.com

Attorney for Defendant
SAFECO INSURANCE COMPANY OF AMERICA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| JOHN MICHAEL MAC MILLAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF<br>AMERICA, a corporation,<br><br>                    Defendants. | Case No.: C08-2424 EMC<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PRAYERS FOR ATTORNEYS FEE CONTAINED IN FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF R. LAWRENCE BRAGG IN SUPPORT THEREOF**<br><br>**DATE:  July 9, 2008**<br>**TIME:  10:30 a.m.**<br>**ROOM:  C**<br>**JUDGE: Magistrate Edward Chen** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at the above-referenced date and time, in Court Room C of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant, Safeco Insurance Company of America ("Safeco"), will, and hereby does, move the Court for an Order striking the prayers for attorneys fees contained in the Fifth Cause of Action for Negligence, Sixth Cause of Action for Negligent Supervision, and

- 1 -

1  Seventh Cause of Action for Conversion in the First Amended

2  Complaint at 11:9, 11:16, and 12:4.

3      In this Motion, Safeco contends that the prayers for

4  attorneys fees contained in the First Amended Complaint are not

5  recoverable under California law in the absence of an applicable

6  contractual agreement or a statute authorizing such an award.

7      This Motion will be made pursuant to FED. R. CIV. P. 7(b) and

8  12(f), and will be supported by the instant Notice, the

9  Memorandum of Points and Authorities, supporting declarations

10  and exhibits, and on such oral and documentary evidence which

11  may be presented at the time of the hearing of said Motion.

12  Dated: June 2, 2008

LAW OFFICE OF SHEILA F. GONZALEZ

By: _____
R. LAWRENCE BRAGG
Attorney for Defendant
SAFECO INSURANCE COMPANY OF
AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PRAYERS FOR ATTORNEYS FEES

### I

### STATEMENT OF ISSUE

23      The issue before this Court is whether the prayers for

24  attorneys fees contained in the Fifth Cause of Action for

25  Negligence, Sixth Cause of Action for Negligent Supervision, and

26  Seventh Cause of Action for Conversion in the First Amended

27  Complaint ("FAC") are recoverable under California law. In this

28  Motion, Safeco contends that the prayers for attorneys fees

- 2 -

1    contained in the FAC are not recoverable under California law in
2    the absence of an applicable contractual agreement or a statute
3    authorizing such an award. Consequently, the Court should grant
4    this Motion without leave to amend.

**II**

**STATEMENT OF RELEVANT FACTS**

7    This matter arises out of an insurance contract dispute
8    between plaintiff, Michael Mac Millan, and his insurance
9    company, American Economy Insurance Company ("AEIC"). The FAC
10   names only Safeco as a defendant, and alleges that Safeco was
11   the authorized agent of AEIC, which is the entity that issued
12   the insurance policy in question to plaintiff. See FAC, attached
13   as Exhibit A at 2:7-13, 2:23-28. The FAC alleges that
14   plaintiff's video rental business suffered property damage on
15   November 22, 2005, as a result of a fire which started in an
16   adjoining business. See Exhibit A at 3:4-6. The FAC further
17   alleges that Safeco undertook the task of employing Service
18   Master to clean, inventory, and transfer plaintiff's damaged
19   property to a safe location. See Exhibit A at 3:12-14. The FAC
20   further alleges that Safeco directed Service Master to destroy
21   and dispose of the plaintiff's property. See Exhibit A at 3:18-
22   28. The plaintiff contends that Safeco has refused to reimburse
23   him under the terms of his insurance policy with AEIC for the
24   full amount of his losses. See Exhibit A at 3:25-28.

25   The FAC contains causes of action for Breach of Insurance
26   Contract, Breach of the Implied Covenant of Good Faith and Fair
27   Dealing, Intentional Interference with Contractual Relations,
28   Negligent Interference with Prospective Economic Advantage,

- 3 -

1  Negligence, Negligent Supervision, and Conversion. The FAC
2  contains prayers for attorneys fees with respect to the Fifth
3  Cause of Action for Negligence, Sixth Cause of Action for
4  Negligent Supervision, and Seventh Cause of Action for
5  Conversion.

**III**

**ARGUMENT**

**A.  Legal Standard**

A Motion to Strike is authorized under FED. R. CIV. P. 12(f).
A party may move to have stricken from a pleading any
insufficient defense or any redundant, immaterial, impertinent,
or scandalous matter. FED. R. CIV. P. 12(f). A party may move to
strike improper prayers for attorneys fees in actions where
these are not recoverable as a matter of law. Schwarzer et al.,
RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 9:389-
9:390, at 9-97 (2001).

**B.    The Prayers For Attorneys Fees Are Not Proper in This Case.**

It is well established that attorneys fees are not
recoverable under California law in the absence of an applicable
contractual agreement or a statute authorizing such an award.
Cal. Code of Civil Procedure section 1021; Khajavi v. Feather
River Anesthesia Medical Group, 84 Cal. App. 4th 32, 62-63
(2000).

In the instant case, the FAC requests attorneys fees with
respect to the Fifth Cause of Action for Negligence, the Sixth
Cause of Action for Negligent Supervision, and the Seventh Cause
of Action for Conversion. These are common law causes of action
which generally do not involve contractual agreements or

- 4 -

1  statutes providing for attorneys fees. The FAC does not allege

2  the existence of a contract between Safeco and the plaintiff

3  which contains an attorneys fees clause. The FAC also does not

4  allege the existence of a statute authorizing an award of

5  attorneys fees. As such, it does not appear that the prayers for

6  attorneys fees contained in the Fifth Cause of Action for

7  Negligence, Sixth Cause of Action for Negligent Supervision, and

8  Seventh Cause of Action for Conversion, are supported by

9  California law. Consequently, the prayers for attorneys fees

10 should be stricken.

11                              **IV**

12                          **CONCLUSION**

13     This Motion demonstrates that the FAC contains improper

14 prayers for attorneys fees, which are not recoverable under

15 California law in the absence of an applicable contractual

16 agreement or a statute authorizing such an award. The FAC does

17 not allege a contractual agreement between Safeco and the

18 plaintiff which contains an attorneys fees clause, nor does the

19 FAC allege the existence of a statute authorizing an award of

20 attorneys fees. Consequently, this Motion should be granted

21 without leave to amend.

22 Dated: June 2, 2008

23                          LAW OFFICE OF SHEILA F. GONZALEZ

24

25                          By: _____

26                          R. LAWRENCE BRAGG
                            Attorney for Defendant
27                          SAFECO INSURANCE COMPANY OF
                            AMERICA

28

- 5 -

**DECLARATION OF R. LAWRENCE BRAGG IN SUPPORT OF MOTION TO STRIKE**

**PRAYER FOR ATTORNEYS FEES**

I, R. LAWRENCE BRAGG, DECLARE:

1. That I am an attorney at law, licensed to practice in all the Courts of the State of California and in the United States District Court, Northern District of California;

2. That I am counsel of record for defendant, Safeco Insurance Company of America, with respect to the above matter;

3. That Exhibit A is a true and correct copy of the First Amended Complaint filed in the above matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that if called to testify as a witness, I could competently testify to the facts set forth herein.

Dated this 2nd day of June, 2008 at Sacramento, California.

R. LAWRENCE BRAGG

- 6 -

1   MELANIE D. POPPER, ESQ. (SBN 236279)
    **THE REVELATION LAW FIRM**
2   *A Professional Corporation*
    2550 9th St., Suite 208A
3   Berkeley, CA 94710
    1-(510)-665-4195
4   1-(510)-665-4197(fax)
    mdp@revelationlaw.com
5

6   Attorneys for Plaintiff
    JOHN MICHAEL MAC MILLAN
7

8

9                 UNITED STATES FEDERAL DISTRICT COURT

10               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  JOHN MICHAEL MAC MILLAN,        )  CASE NO. C08-02424 EMC
                                    )
12         Plaintiff,              )  **FIRST AMENDED COMPLAINT**
                                    )
13         vs.                     )  1.    BREACH OF CONTRACT – Insurance
                                    )
14  SAFECO INSURANCE COMPANY        )  2.    BREACH OF IMPLIED COVENANT OF
    OF AMERICAN, a corporation,     )        GOOD FAITH AND FAIR DEALING –
15                                  )        Insurer's
           Defendants.             )
16                                  )  3.    INTENTIONAL INTERFERENCE WITH
                                    )        CONTRACT
17                                  )
                                    )  4.    NEGLIGENT INTERFERENCE WITH
18                                  )        PROSPECTIVE
                                    )
19                                  )  5.    NEGLIGENCE
                                    )
20                                  )  6.    NEGLIGENT SUPERVISION
                                    )
21  _____/  7.    CONVERSION

22                        **DEMAND FOR JURY TRIAL**

23  Plaintiff JOHN MICHAEL MAC MILLAN alleges and complains as follows:

24                        **GENERAL ALLEGATIONS**

25         1.    <u>Plaintiff</u>: Plaintiff JOHN MICHAEL MAC MILLAN ("MAC MILLAN)

26  is an individual doing business as "Into Video" and, at all times mentioned herein was also a

27  business entity (sole proprietor) residing at 1439 Haight St., San Francisco, CA 94117.

28

                                Page -1-

1          2.     Defendants:

2                 (a)     Plaintiff MAC MILLAN is informed and believes, and on that basis

3 alleges, that defendant SAFECO INSURANCE COMPANY OF AMERICA (hereinafter,

4 "SAFECO") is, and at all times mentioned herein was, a non-California based corporation, but

5 duly qualified and authorized to do business (and doing business) and has minimum contacts

6 in the State of California.

7                      Agency Relationship

8          3.     Plaintiff is informed and believes and herein alleges that, at all relevant

9 times, Defendant SAFECO was the agent or employee of American Economy Insurance.

10 Plaintiff is informed and believes and herein alleges that, at all relevant times, Defendant

11 SAFECO was the agent or employee of ServiceMaster.  Plaintiff is informed and believes and

12 herein alleges that, at all relevant times, Defendant SAFECO was the agent or employee of

13 ServiceMaster of San Francisco/San Mateo.

14          4.     Subject Matter Jurisdiction

15                The jurisdiction of this Court over the subject matter of this

16 action is predicated on 28 USC Sec. 1332. The amount in controversy exceeds

17 $75,000.00, exclusive of interest and costs, and the defendants filed a notice of removal

18 originally filed complaint and entire case from San Francisco Superior Court in the state of

19 California to federal court on May 12, 2008.

20          5.     Venue

21                All claims asserted herein arose in this district; and, the Plaintiff resides

22 in this district.

23                   **FACTUAL ALLEGATIONS**

24          6.     Plaintiff MAC MILLAN entered into a written insurance policy with

25 American Economy Insurance, which was administered by and through its agent and adjuster,

26 Safeco Insurance Company of America ("SAFECO").

27          7.     The written insurance policy with American Economy Insurance,

28 administered by and through its agent and adjuster, SAFECO, was in effect throughout the entire

FIRST AMENDED COMPLAINT FOR DAMAGES

1  year of 2005.

2        8.    The written insurance policy covered fire damage to Plaintiff MAC

3  MILLAN and his business Into Video.

4        9.    On November 22, 2005, Plaintiff MAC MILLAN suffered property

5  damage due to a fire which occurred near his business property located at 1439 Haight St., San

6  Francisco, CA 94117.

7        10.    In December of 2005, Plaintiff MAC MILLAN began to discuss coverage

8  issues with Defendant SAFECO's individual adjuster and employee, Kimball Hanson.

9        11.    Defendant SAFECO took responsibility for administering the written

10  insurance policy that was existing between Plaintiff MAC MILLAN and American Economy

11  Insurance as to the fire which occurred on November 22, 2005.

12        12.    Defendant SAFECO took responsibility for employing and directing

13  ServiceMaster and ServiceMaster of San Francisco/San Mateo as to the cleaning, inventorying

14  and transferring of Plaintiff's damaged goods to a safe location.

15        13.    Defendant SAFECO through its individual adjuster and employee, Kimball

16  Hanson made oral promises amounting to an oral contract with Plaintiff MAC MILLAN, on

17  behalf Defendant SAFECO, as to what items could be insured due to Plaintiff's fire damage.

18        14.    At the instruction of Defendant SAFECO and its individual adjuster and

19  employee, Kimball Hanson, Service Master and ServiceMaster of San Francisco/San Mateo

20  destroyed much of Plaintiff's unique inventory rather than transferring it to a warehouse for

21  safekeeping.

22        15.    The property disposed of by Service Master and ServiceMaster of San

23  Francisco/San Mateo was affected without Plaintiff's consent and with gross negligence and

24  malfeasance.

25        16.    After the valuable and unique property was disposed of at the direction of

26  SAFECO, Defendant SAFECO refused to pay the full insurance coverage amount due for

27  Plaintiff's losses as to inventory and equipment, loss of revenue, computer hardware rental and

28  consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

FIRST AMENDED COMPLAINT FOR DAMAGES

05/22/2008 Case 3:08-cv-02424-EMC    Document 18-2    Filed 06/02/2008    Page 4 of 26    04/26
THE RELLEAT DON 024/4
Case 3:08-cv-02424-EMC    Document 10    Filed 05/22/2008    Page 4 of 26

1    Wherefore, Plaintiff prays for damages as set forth herein.

2    **FIRST CAUSE OF ACTION**

3    **FOR BREACH OF CONTRACT**

4        17.    Plaintiff realleges and incorporates by reference each and every

5    allegation contained in paragraph 1 through 16 of this complaint, and incorporates same by

6    reference as though set forth herein full.

7        18.    Defendant SAFECO has breached the policy of the insurance in that it

8    failed and refused to pay the full insurance coverage amount due under the written contract

9    between Plaintiff MAC MILLAN and American Economy Insurance.

10        19.    Defendant SAFECO was the authorized agent of American Economy

11    Insurance at all times during its interaction with Plaintiff MAC MILLAN with regards to the

12    fire on November 22, 2005.

13        20.    Defendant SAFECO also made oral promises about what would and

14    would not be covered by insurance payments while communicating with Plaintiff MAC

15    MILLAN with regards to the fire on November 22, 2005.

16        21.    As a direct and proximate result of defendant's breach its contractual

17    duties, Plaintiff has incurred damages, including special damages and costs.

18        Wherefore, Plaintiff prays for judgment against Defendant as fully set forth

19    herein.

20    **SECOND CAUSE OF ACTION**

21    **FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

22        22.    Plaintiff realleges and incorporates by reference each and every

23    allegation contained in paragraph 1 through 21 of this complaint, and incorporates same by

24    reference as though set forth herein full.

25        23.    Defendant SAFECO has breached the policy of the insurance in that it

26    failed and refused to pay the full insurance coverage amount due under the written contract

27    between Plaintiff MAC MILLAN and American Economy Insurance, of which SAFECO

28    was an agent.

FIRST AMENDED COMPLAINT FOR DAMAGES

1      24.    Defendant SAFECO was the authorized agent of American Economy

2  Insurance at all times during its interaction with Plaintiff MAC MILLAN with regards to the

3  fire on November 22, 2005.

4      25.    Defendant SAFECO also made oral promises about what would and

5  would not be covered by insurance payments while communicating with Plaintiff MAC

6  MILLAN with regards to the fire on November 22, 2005.

7      26.    Implied in the insurance policy is Defendant's obligation to act fairly

8  and in good faith with Plaintiff by promptly investigation any claims and to avoid unfairly

9  denying Plaintiff the benefits to which it is entitled under the insurance policy issued by

10  Defendant SAFECO and American Economy Insurance to Plaintiff MAC MILLAN.

11      27.    Defendant breached its obligation to act fairly and in good faith toward

12  Plaintiff by directing ServiceMaster and ServiceMaster of San Francisco/San Mateo to

13  destroy unique and valuable inventory and by failing to pay the full insurance value for

14  damaged inventory, and equipment, loss of revenue, computer hardware rental and

15  consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

16      28.    As a direct and proximate result of defendant's breach of the implied

17  covenant of good faith and fair dealing, Plaintiff has incurred damages, including special

18  damages, general damages (including emotional distress) and costs.

19      29.    In committing the aforementioned acts, defendant acted with

20  oppression, fraud, and malice with the intent to willfully injure, harass, vex, and annoy

21  Plaintiff with conscious disregard for Plaintiff's rights.  Upon information and belief, all of

22  the aforementioned alleged acts were done or ratified by Defendant's management level

23  employees, who acted with knowledge that Defendant's conduct would cause Plaintiff harm.

24  Plaintiff is therefore entitled to recover punitive damages pursuant to Civil Code 3294.

25      Wherefore, Plaintiff prays for judgment against Defendant as fully set forth

26  herein.

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

# THIRD CAUSE OF ACTION

## FOR INTENTIONAL INTERFERENCE WITH CONTRACT

29.   Plaintiff realleges and incorporates by reference each and every allegation contained in paragraph 1 through 28 of this complaint, and incorporates same by reference as though set forth herein full.

30.   At all relevant times, Defendant knew of Plaintiff's existent written contract and insurance policy with American Economy Insurance.

31.   Despite knowing of this contract and existing business relationship, Defendant intentionally interfered with those contracts and business relationships by instructing ServiceMaster and ServiceMaster of San Francisco/San Mateo to destroy valuable inventory belonging to Plaintiff MAC MILLAN.  Had Defendant not engaged in such conduct, Plaintiff could have more easily identified the value of the destroyed items.

32.   Defendant SAFECO also failed to pay coverage amount per the insurance policy as to damaged inventory and equipment, loss of revenue, computer hardware rental and consultancy, carpeting, payroll costs, and other fire-related costs and expenses.

33.   Defendant SAFECO's actions negatively affected Plaintiff's contract between Plaintiff and American Economy Insurance.

34.   As a direct and proximate result of defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has incurred damages, including special damages, general damages (including emotional distress) and costs.

35.   In committing the aforementioned acts, defendant acted with oppression, fraud, and malice with the intent to willfully injure, harass, vex, and annoy Plaintiff with conscious disregard for Plaintiff's rights.  Upon information and belief, all of the aforementioned alleged acts were done or ratified by Defendant's management level employees, who acted with knowledge that Defendant's conduct would cause Plaintiff harm.  Plaintiff is therefore entitled to recover punitive damages pursuant to Civil Code 3294.

Wherefore, Plaintiff prays for judgment against Defendant as fully set forth

1   herein.

2

3                       **FOURTH CAUSE OF ACTION**

4   **FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC**

5                            **ADVANTAGE**

6          36.    Plaintiff MAC MILLAN repeats, realleges and incorporates herein by

7   reference each and every allegation set forth in paragraphs 1 through 35 above, as if set forth

8   herein in full.

9          37.    Defendant SAFECO knew of Plaintiff's ongoing business relationships

10  with American Economy Insurance, and that it relied on American Economy Insurance in

11  case of fire damage to Plaintiff's property.

12         38.    Through their failure to effectively apply insurance policy and directing

13  the cleaning company to destroy valuable property, Defendant has interfered with

14  prospective advantage of Plaintiff pursuant to the insurance policy with American Economy

15  Insurance.

16         39.    As a direct result of Defendants' negligent interference, Plaintiff has

17  been damaged in an amount according to proof at trial.

18         40.    Wherefore, Plaintiff prays for judgment against Defendant in

19  accordance with the Prayer for Relief as set forth below.

20                       **FIFTH CAUSE OF ACTION**

21                        **FOR NEGLIGENCE**

22         41.    MAC MILLAN repeats, realleges and incorporates herein by

23  reference each and every allegation set forth in paragraphs 1 through 40, above, as if set

24  forth herein in full.

25         42.    Based on the conduct alleged herein, Defendant SAFECO negligently,

26  careless, recklessly, wantonly, and unlawfully followed policies and procedures and

27  proximately caused Plaintiff to be deprived of valuable and unique property which was

28  supposed to be kept for safekeeping by Defendant SAFECO and its agent or employee,

1 | ServiceMaster and ServiceMaster of San Francisco/San Mateo.

2 | 43. As a direct and proximate result of the negligence, carelessness,

3 | recklessness, wantonness, and unlawfulness of Defendant, Plaintiff has suffered severe

4 | damages in an amount within the jurisdiction of this Court and to be shown according to

5 | proof.

6 | 44. Wherefore, Plaintiff prays for judgment against Defendant in

7 | accordance with the Prayer for Relief indicated below.

8 | **SIXTH CAUSE OF ACTION**

9 | **FOR NEGLIGENT SUPERVISION**

10 | 45. MAC MILLAN repeats, realleges and incorporates herein by reference

11 | each and every allegation set forth in paragraphs 1 through 44, above, as if set forth herein in

12 | full.

13 | 46. At all times mentioned in this Defendant SAFECO

14 | negligently and carelessly supervised ServiceMaster and ServiceMaster of San

15 | Francisco/San Mateo.

16 | 47. Defendants breached their duty to exercise reasonable care and acted

17 | negligently and carelessly in supervision *by directing the destruction rather than*

18 | *preservation of Plaintiff's valuable and unique inventory.*

19 | 48. As a direct and proximate result of the negligence of Defendants as set

20 | forth above, Plaintiff has sustained economic and non-economic damages and financial

21 | discomfort, all in an amount to be determined by proof at trial.

22 | WHEREFORE, plaintiff MAC MILLAN, prays for judgment against

23 | DEFENDANT in accordance with the Prayer for Relief as set forth below.

24 | **SEVENTH CAUSE OF ACTION**

25 | **FOR CONVERSION**

26 | 49. MAC MILLAN repeats, realleges and incorporates herein by reference

27 | each and every allegation set forth in paragraphs 1 through 48, above, as if set forth herein in

28 | full.

FIRST AMENDED COMPLAINT FOR DAMAGES

1        50.    Plaintiff is, and at all times relevant herein was, the owner of or entitled to

2  immediately possess the following items of property:

3        **a)** Valuable videotapes, dvds (upon information and belief), audiotapes (upon

4  information and belief), and clothing located in Plaintiff's attic at the Haight Street location;

5        **b)** Valuable videotapes, dvds (upon information and belief), audiotapes (upon

6  information and belief), and clothing not located in Plaintiff's attic at the Haight Street location;

7        51.    Defendants wrongfully interfered with Plaintiff's interests in the property

8  described above by undertaking the following acts or omissions:

9        **a)**    By wrongfully instructing  ServiceMaster and ServiceMaster of San

10  Francisco/San Mateo to destroy Plaintiff's property rather than preserve it  or place it in a

11  warehouse for safekeeping and proper inventory.

12        52.    While Defendant SAFECO originally came into

13  possession of the converted property legally, Defendant SAFECO then improperly retained and

14  instructed it to be destroyed.

15        53.    As a result of Defendant SAFECO's acts of conversion,

16  Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory

17  damages.   Alternatively, Plaintiff is entitled to seek to damages and repossession of the

18  converted property and will seek its election of remedies at trial.  Plaintiff is further entitled to

19  compensation for the time and money expended in pursuit of the property.

20        54.    In doing the acts herein alleged, defendants acted with oppression, fraud,

21  malice and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to

22  punitive damages according to proof at the time of trial.

23        55.    Plaintiff is further entitled to the imposition of a constructive trust

24  on the converted goods and their fruits and is entitled to a tracing with respect to the converted

25  goods.

26        56.    Plaintiff is further entitled to the imposition of an equitable lien on the

27  converted goods.

28        57.    Wherefore, Plaintiff prays for judgment in accordance with the Prayer for

FIRST AMENDED COMPLAINT FOR DAMAGES

1  Relief indicated below.

2        58.    Attach as Exhibit A is a portion of Plaintiff's Insurance Policy written

3  contract with American Economy Insurance with the name "Safeco Insurance of America" also

4  written on the document.

5        59.    Attached as Exhibit B is a true and correct copy of a contract between

6  Plaintiff MAC MILLAN and ServiceMaster or ServiceMaster of San Francisco/San Mateo.

7  **PRAYER FOR RELIEF**

8    A.    ON THE FIRST CAUSE OF ACTION:

9        a.    For incidental and consequential damages, compensatory damages

10  according to proof;

11        b.    For an award of interest, including prejudgment interest, at the legal rate;

12        c.    For costs of suit; and

13        d.    For such other and further relief as the Court considers proper under the

14  circumstances.

15    B.    ON THE SECOND CAUSE OF ACTION:

16        a.    For compensatory and consequential damages, according to proof;

17        b.    For an award of interest, including prejudgment interest, at the legal rate;

18        c.    For costs of suit; and

19        d.    For such other and further relief as the Court considers proper under the

20  circumstances.

21    C.    ON THE THIRD CAUSE OF ACTION:

22        a.    For compensatory damages according to proof;

23        b.    For an award of interest, including prejudgment interest, at the legal rate;

24        c.    For costs of suit; and

25        d.    For such other and further relief as the Court considers proper under the

26  circumstances.

27    D.    ON THE FOURTH CAUSE OF ACTION:

28        a.    For compensatory damages according to proof;

1    b.    For an award of interest, including prejudgment interest, at the legal rate;

2    c.    For costs of suit; and

3    d.    For such other and further relief as the Court considers proper under the

4    circumstances.

5

6    E.    **ON THE FIFTH CAUSE OF ACTION:**

7    a.    For compensatory damages according to proof;

8    b.    For an award of interest, including prejudgment interest, at the legal rate;

9    c.    For attorneys' fees, expenses and other costs of suit; and

10    d.    For such other and further relief as the Court considers proper under the

11    circumstances.

12

13    F.    **ON THE SIXTH CAUSE OF ACTION:**

14    a.    For compensatory damages according to proof;

15    b.    For an award of interest, including prejudgment interest, at the legal rate;

16    c.    For attorneys' fees, expenses and other costs of suit; and

17    d.    For such other and further relief as the Court considers proper under the

18    circumstances

19    ///

20    ///

21    ///

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

G.    ON THE SEVENTH CAUSE OF ACTION:

    a.    For compensatory damages according to proof;

    b.    For an award of interest, including prejudgment interest, at the legal rate;

    c.    For attorneys' fees, expenses and other costs of suit; and

    d.    For such other and further relief as the Court considers proper under the circumstances.


Dated: May 22, 2008

THE REVELATION LAW FIRM
*A Professional Corporation*


By: _____
Melanie D. Popper, Esq.
Attorney for Plaintiff
JOHN MICHAEL MAC MILLAN

Page -12-

FIRST AMENDED COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial on all issues triable by jury as provided by

3

Rule 38(a) of the Federal Rules of Civil Procedure.

4

5

6

7   Dated: May 22, 2008                    THE REVELATION LAW FIRM
                                            *A Professional Corporation*
8

9                                          By:_____
                                               Melanie D. Popper, Esq.
10                                             Attorney for Plaintiff
                                               JOHN MICHAEL MAC MILLAN
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

Case 3:08-cv-02424-EMC    Document 10    Filed 05/22/2008    Page 14 of 26

EXHIBIT A

 **Safeco** Insurance

**BUSINESSOWNERS**
BP 70 76 01 05

# ULTRA-PLUS

This endorsement modifies insurance provided under the following:

## BUSINESSOWNERS COVERAGE FORM

All other terms and conditions applicable to SECTION I PROPERTY and SECTION II LIABILITY apply, except as provided by this endorsement.

SECTION I — PROPERTY is changed as follows:

| Description | Section | The most we will pay is |
|---|---|---|
| **Covered Property** is extended to include electronic communications equipment, including radio and television antennas, satellite dishes and their lead-in wiring, masts or towers. | A.1.a. | |
| **Covered Property** is extended: Property of Others that is in your care, custody or control is extended to include the cost of labor, materials or services furnished or arranged by you on personal property of others. This is without regard to your legal liability. | A.1.b.(2) | |
| **Proximity Limitation** is broadened: The 100 feet limitation is increased to 1,000 feet. | A.1.a.(6)(b), A.1.b., A.5.f.(1), A.5.g.(1), A.6. | |
| **Property Not Covered** is amended to read: Outdoor fences, signs (other than signs attached to buildings), trees, shrubs or plants, all except as provided in the:<br>(1) Outdoor Property Coverage Extension;<br>or<br>(2) Outdoor Signs Optional Coverage; | A.2.e. | |

### Additional Coverages

| | | |
|---|---|---|
| **Debris Removal** is broadened: | A.5.a.(4) | $25,000 for each location in any one occurrence. |
| **Fire Department Service Charge** is broadened. | A.5.c. | Actual Loss Sustained |
| **Business Income** is broadened:<br>The 60-day limitation applicable to ordinary payroll is deleted. Also, APPLICABLE TO DENTIST OFFICES, the following paragraph is added:<br>We will also pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration", resulting from loss by a Covered Cause of Loss to water pipes, electric power transmission lines or telephone lines not located at the described premises. | A.5.f.(1) | |



Safeco ® and the Safeco logo are trademarks of Safeco Corporation

**Deductibles** is amended to read: Regardless of the    D.2.
amount of the Deductible, the most we will deduct
from any loss or damage for Glass and under all of
the following Optional Coverages in any one occurrence
is $250:
    a.  Money and Securities
    b.  Outdoor Signs
But this $250 Glass and Optional Coverage Deductible
will not increase the Deductible shown in the
Declarations. This Deductible will be used to satisfy
the requirements of the deductible in the Declarations.

No deductible applies to the following Additional Coverages:    D.3.
    a.  Arson Reward
    b.  Extra Expense
    c.  Employee Dishonesty
    d.  Fire Department Service Charge
    e.  Fire Extinguisher Recharge Expense
    f.  Civil Authority
    g.  Money Orders and Counterfeit Paper Currency

**Loss Payment** is amended to read:    E.6.d.(1)
  (1)  At replacement cost without deduction for
      depreciation, subject to the following:
      (a)  We will pay the cost to repair or replace,
         after application of the deductible and
         without deduction for depreciation, but
         not more than the least of the following
         amounts:
         (i)  The Limit of Insurance under Section I
            Property that applies to the lost or
            damaged property;
         (ii)  The cost to replace, on the same
            premises, the lost or damaged property
            with other property:
            i.  Of comparable material and quality; and
            ii.  Used for the same purpose; or
         (iii)  The amount that you actually spend
            that is necessary to repair or replace the
            lost or damaged property.
         If a building is rebuilt at a new premises,
         the cost is limited to the cost which would
         have been incurred had the building been
         built at the original premises.
      (b)  You may make a claim for loss or damage
         covered by this insurance on an actual cash
         value basis instead of on a replacement cost
         basis. In the event you elect to have loss or
         damage settled on an actual cash value basis,
         you may still make a claim on a replacement
         cost basis if you notify us of your intent to do
         so within 180 days after the loss or damage.
      (c)  We will not pay on a replacement cost basis
         for any loss or damage:
         (i)  Until the lost or damaged property is
            actually repaired or replaced; and



applies per occurrence regardless of the number of
persons providing this information.

**Theft Damage to Buildings (Coverage is broadened**   A.6.h.          $25,000
for Tenants) — Damage by burglars, meaning direct
loss or damage to the described property by burglars.
Damage by burglars does not include loss resulting from
theft of the property.

**Leased Trees and Plants** — You may extend the   A.6.i.          Actual Loss Sustained
insurance provided by this policy to apply to trees
and plants which are leased by you for your
business purposes. The most we will pay for loss
or damage under this Extension is:

**Business Personal Property Limit — Automatic Increase**   C.6.
We will adjust the Limit of Insurance for Business Personal
Property on each anniversary and/or renewal of the policy.
The amount of the adjustment will be based on inflation and
the economic factors for the preceding year.

**SECTION II — LIABILITY is changed as follows:**

The following items are amended:

**Coverage Extension — Supplementary Payments**   A.1.f.(1)(d)
    All reasonable expenses incurred by the insured
    at our request to assist us in the investigation or
    defense of the claim or "suit", including actual
    loss of earnings up to $500 a day because of time
    off from work.

   2. **Applicable to Medical Expenses Coverage**
     We will not pay expenses for "bodily injury";   B.2.a.
     a. To any insured, except volunteer workers
       who are not paid a fee, salary or other
       compensation;
3. The following are added:

**Exclusions**

    (6) An aircraft you do not own, provided it is   B.1.g.(6)
       not operated by any insured.

C. **WHO IS AN INSURED** — Each of the   C.2.e.
   following is also an insured:

    e. Any person(s) who are volunteer worker(s)
      for you, but only while acting at the direction of,
      and within the scope of their duties for you.
      However, no volunteer(s) is an insured for:

      (1) "Bodily injury" or "personal and advertising
        injury" to you, to your partners or members
        (if you are a partnership or joint venture), to
        your members (if you are a limited liability
        company), or to a co-volunteer or your
        "employees" while that volunteer is in the
        course of performing his or her duties
        related to the conduct of your business;
      (2) "Property damage" to property:
        (a) Owned, occupied or used by,
        (b) Rented to, in the care, custody or
         control of, or over which physical control
         is being exercised for any purpose by
        you, any of your co-volunteers or your

"employees", any partner or member
(if you are a partnership or joint venture),
or any member (if you are a limited liability
company).

**C.**  **WHO IS AN INSURED** — Coverage is added    **C.4.**
for Newly Acquired Organizations:

4.  Any organization you newly acquire or form,
other than a partnership, joint venture, or
limited liability company and over which you
maintain ownership or majority interest, will qualify
as a named insured if there is no other similar
insurance available to that organization. However:

a.  Coverage under this provision is afforded only
until the 120th day after you acquire or form the
organization or the end of the policy period,
whichever is earlier;

b.  **A. Coverages 1. Business Liability** does
not apply to:

(1)  "Bodily injury" or "property damage" that
occurred before you acquired or formed the
organization; and

(2)  "Personal and advertising injury"
arising out of an offense committed before
you acquired or formed the organization.

No person or organization is an insured with
respect to the conduct of any current or past
partnership, joint venture, or limited liability
company that is not shown as a Named
Insured in the Declarations.

All other provisions of this policy apply.

 Insurance

C 43 59 04 05

## NOTICE TO POLICYHOLDERS

Your Commercial Businessowners policy has been updated to provide the greatest possible protection at an affordable price. The most significant changes are highlighted below. Some language has also been clarified without a change in coverage. Not every form, coverage or endorsement discussed here may be applicable to your particular policy. For a complete understanding of the changes, please read your policy carefully. If you have any questions, your independent agent will be happy to assist you. *No coverage is provided by this summary, nor does it replace any provision of your policy. If your policy and this summary conflict, the policy prevails.*

Thank you for entrusting us with your insurance needs. We appreciate having you as a customer!

### ULTRA PLUS ENDORSEMENT — BP 70 76

The Ultra Plus Endorsement BP 70 76 is included on your renewal Businessowners policy. This endorsement modifies insurance under the BUSINESSOWNERS COVERAGE FORM.

## EXPANSION OF COVERAGE — SECTION I PROPERTY

- **Brands and Labels** coverage is automatically included at no additional charge. The most we will pay is $25,000 for costs associated with removing brands or labels from merchandise that has been damaged by a covered cause of loss.

- **Consequential Damage to Pairs or Sets** is automatically included at no additional charge. We will pay up to the limit of insurance shown in the Declarations for any reduction in value of a pair or set damaged by a covered cause of loss.

- **Debris Removal** is broadened. The most we will pay at each location has been increased from $15,000 to $25,000 at no additional charge.

- **Forgery or Alteration** is broadened. The most we will pay for any loss, including legal expenses, has been increased from $5,000 to $25,000 at no additional charge.

- **Newly Acquired or Constructed Property — Buildings** is broadened. The most we will pay for loss or damage has been increased from $500,000 to $1,000,000.

- **Newly Acquired or Constructed Property — Business Personal Property** is is broadened. The most we will pay for loss or damage has been increased from $250,000 to $500,000.

- **Personal Effects** is broadened. The most we will pay for loss or damage has been increased from $2,500 to $10,000 at no additional charge.

- **Personal Property Off Premises** is amended to include Salespersons Samples in the $25,000 limit of insurance at no additional charge.

### COMMERCIAL FINE ARTS COVERAGE — BP 70 59 (If applicable)
### COMMERCIAL FINE ARTS COVERAGE TEXAS — BP 81 51 (If applicable)

## EXPANSION OF COVERAGE

- Commercial Fine Arts coverage is automatically included up to $10,000 and the coinsurance clause has been deleted for coverage up to this additional limit.

Safeco ® and the Safeco logo are trademarks of Safeco Corporation
EP

 Insurance

C 43 85 10 05

# NOTICE TO POLICYHOLDERS

This notice has been prepared in conjunction with the implementation of changes to your policy. It contains a brief summary of the endorsements listed. No coverage is provided by this policyholder notice, nor can it be construed to replace any provisions of your policy. If there is any conflict between the policy and this summary, the provisions of the policy shall prevail.

The endorsement discussed in this NOTICE is applicable to your particular policy.

Please read your policy, and the endorsements attached to your policy, carefully.

## REDUCTIONS IN COVERAGE: EXCLUSIONS

### BP 04 17    Employment-Related Practices Exclusion

This endorsement specifies that insurance under the Businessowners Coverage Form BP0003 does not apply to "bodily injury" or "personal and advertising injury" to a person, their spouse, child, parent, brother or sister as a consequence of "bodily injury" or "personal and advertising injury" to that person, as a result of any refusal to employ, termination of employment or employment-related practices, policies, acts or omissions.

Limited Employment Practices Liability coverage applies under coverage form BP 81 28 which is also attached to your policy. Please read this coverage form carefully.



Safeco and the Safeco logo are registered trademarks of Safeco Corporation
EP

C 43 85 10 05

C-IN-05-PRINT001-0046-0011-T

**ULTRA DRY CLEANERS & LAUNDRIES BAILEE'S COVERAGE FORM — BP 70 21 (if applicable)**

**EXPANSION OF COVERAGE**

- Coverage for accidental loss or damage to the property of others in the care, custody and control of the insured is provided even if the loss is caused by faulty, inadequate or defective conduct.

     (ii) Unless the repairs or replacement are
        made as soon as reasonably possible
        after the loss or damage.
        However, if the cost to repair or replace
        the damaged building property is $2,500
        or less, we will settle the loss according to
        the provisions of Paragraph d.(1)(a) above
        whether or not the actual repair or replace-
        ment is complete.
    (d) The cost to repair, rebuild or replace does
        not include the increased cost attributable to
        enforcement of any ordinance or law regulating
        the construction, use or repair of any property.

**Employee Dishonesty** is broadened: The Employee       G.3.g.
Dishonesty discovery period is extended from one year
to two years from the end of the Policy Period.

2. The following items are deleted:

**Valuable Papers and Records**

For valuable papers and records not at the       A.6.e.(3)
described premises, the most we will pay is
$5,000.

**PROPERTY LOSS CONDITIONS — Loss Payment**       E.6.d.(3)(b)
Property of others, but this property is not covered for
more than the amount for which you are liable, plus the
cost of labor, materials or services furnished or
arranged by you on personal property of others.

3. The following items are added:

**Brands and Labels —**       A.5.o.       $25,000 for these costs,
                                                        subject to the Business
A. If branded or labeled merchandise that is                    Personal Property Limit of
   Covered Property is damaged by a Covered                 Insurance shown in the
   Cause of Loss, we may take all or any part of                Declarations.
   the property at an agreed or appraised value.
   If so, you may:

    1. Stamp salvage on the merchandise or its
       containers, if the stamp will not physically
       damage the merchandise; or

    2. Remove the brands or labels, if doing so
       will not physically damage the merchandise.
       You must relabel the merchandise or
       its containers to comply with the law.

B. We will pay reasonable costs you incur to
   perform the activity described in A.1. or A.2.
   above.

**Consequential Damage to Pairs or Sets —**       A.5.p.       the Limit of Insurance
If pairs or sets of "stock" are damaged by a                        shown in the Declarations.
Covered Cause of Loss, we will pay any
reduction in value of the undamaged parts
of such damaged pairs or sets.

**Arson Reward —** We will pay an arson reward for       A.6.g.       $5,000
information which leads to an arson conviction for
loss or damage covered by this policy. This limit

| | | |
|---|---|---|
| **Forgery and Alteration** is broadened: | A.5.k. | $25,000 |

**Coverage Extensions**

**Newly Acquired or Constructed Property** is broadened:

| | | |
|---|---|---|
| Buildings | A.6.a.(1) | $1,000,000 |
| Business Personal Property | A.6.a.(2) | $500,000 |
| Period of Coverage is broadened: Coverage will end: "30 days" is replaced with "180 days". | A.6.a.(3)(b) | |

**Personal Property Off Premises** is amended: You may extend the insurance that applies to Business Personal Property to apply to covered Business Personal Property (including Salesperson's samples) other than "money" and "securities" or accounts receivable, while it is in the course of transit or at a premises you do not own, lease or operate (other than the private residence of the owner). 
A.6.b.   $25,000

**Outdoor Property** is amended: Lawns are added as covered outdoor property. Radio and television antennas (including satellite dishes) are removed. The referenced causes of loss are replaced with "specified causes of loss".
A.6.c.   $10,000, but not more than $1,000 for any one tree, shrub or plant.

| | | |
|---|---|---|
| **Personal Effects** is broadened: | A.6.d.(2) | $10,000 |

**Exclusions**

**Water** is amended: Water that backs up or overflows from a sewer, drain or sump is deleted. The most we will pay as a result of water that backs up or overflows from a sewer, drain or sump is:
B.1.g.(3)   $5,000 at each described premises, or the amount shown for this cause of loss in the Declarations, whichever is greater.

**Building Limit — Automatic Increase** is amended:   C.4.
   a.  We will adjust the Limit of Insurance for Buildings on each anniversary and/or the renewal of the policy. The amount of the adjustment will be the percent of increase or decrease as that which has occurred during the preceding policy year in the cost-of-construction factor, as reported in the publication of a recognized independent appraisal company.
   b.  When a loss exceeds the Limit of Insurance applying under this policy, the amount we will pay will be increased to the lesser of:
      (1) Full replacement value at the time of loss; or
      (2) 105% of the Limit of Insurance.
   c.  You agree to report to us any additions, improvements or enlargements of Covered Property which have been made since the effective date of this policy. If any of these changes are not reported to us upon completion, and the enlargements are equal to more than 5% of the Limit of Insurance, any loss occurring after that time shall be adjusted in accordance with the provisions of the policy without consideration of paragraph C.4.b. above.

**Business Personal Property Limit — Seasonal Increase**   C.5.a.
is broadened: The Limit of Insurance for Business Personal Property will automatically increase by 33% to provide for seasonal variations.

EXHIBIT B

*ServiceMASTER*
*Clean.*

# AUTHORIZATION FOR REPAIRS AND PAYMENT

Property Owner __Michael Mac Millan__

Property Address __1430 Haight Street__

City __San Francisco__ State __CA__ Zip _____

Phone (H) __415-606-4047__ (W) _____

Insurance Company __SafeCo__ Deductible __1000.00__

Adjuster __Dan Sharp__ Phone _____

Policy # _____ Claim # __408146882015__

The undersigned __Michael Mac Millan__, hereinafter referred to as **Owner**, authorizes **ServiceMaster** of San Francisco/San Mateo, hereinafter referred to as **ServiceMaster**, to proceed with emergency cleaning and/or restoration services required to restore the above listed property and/or contents from damage caused by __Fire__ on __11/22/05__.

**Owner** understands that the total cost of cleaning and/or repairs shall be payable upon completion of work and **hereby authorizes and instructs that direct payment be made to ServiceMaster**. **Owner** understands that he/she is liable for payment of any deductible and for any and all charges not covered by **Owner's** insurance company.

**Owner** further understands that emergency services are necessary steps taken to prevent additional damage to the building and/or contents and that restoration services may include cleaning, drying, repair, resurfacing, refinishing and/or replacement of building materials and contents. **ServiceMaster** agrees to perform emergency services and restoration services in a workmanlike manner using reasonable care to restore the property and contents as nearly as possible to their pre-loss condition. With respect to items that need to be restored at a remote location, **ServiceMaster** is hereby authorized to move those items. **ServiceMaster** will prepare an inventory of items removed from the property and **Owner** will be given an opportunity to accept the inventory count and description before items are transferred.

**Owner** agrees that if any invoice for services shall not be paid when due, the balance due shall bear interest of 18% per annum. The makers, endorsers, guarantors or sureties hereby jointly and severally agree to pay all costs of collection including reasonable attorney's fees. Unless otherwise prohibited by state law, if any unpaid balance is referred to an attorney for collection, **Owner** authorizes any attorney of record to confess judgment to be entered by any Court that may have jurisdiction, at any time after default in payment shall occur and hereby waives all exceptions to the extent permitted by law.

Date __11/28/05__ Time of Crew Arrival _____

Property Owner _____

ServiceMaster Representative _____

SMC-002-120203

05/22/2008 Case 3:08-cv-02424-EMC    Document 18-2    Filed 06/02/2008    Page 26 of 26    26/26
THE REVELATION LAW
NOV. 28. 2005 Case 3:08-cv-02424-EMC    Document 10    Filed 05/22/2008    Page 26 of 26
SERVICEMASTER

**SERVICEMASTER OF SAN FRANCISCO/SAN MATEO**
439 Eccles Avenue
So San Francisco, CA 94080
(415) 584-6100
(800) 439-8833
Fax: (650) 873-6334

# Fax Transmittal

| To: | Michael Mac Millan | From: | Tina Ross |
|---|---|---|---|
| Fax: | 415-861-1875 | Date: | November 28, 2005 |
| Phone: | | Pages: | 2 including cover page |
| Re: | | Claim # | 408146882015 |

Micheal,

Sign and fax back to me. Call me anytime and you are able to come see your items at your convenience.
Sorry the form is so mess, I filled it out at the site.......

Thank you,

Tina Ross
Fire Estimator