1  MELANIE D. POPPER, ESQ. (SBN 236279)
   **THE REVELATION LAW FIRM**
2  *A Professional Corporation*
   2550 9th St., Suite 208A
3  Berkeley, CA 94710
   1-(510)-665-4195
4  1-(510)-665-4197(fax)
   mdp@revelationlaw.com
5

6  Attorneys for Plaintiff
   JOHN MICHAEL MAC MILLAN
7

8
                    UNITED STATES FEDERAL DISTRICT COURT
9
                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 JOHN MICHAEL MAC MILLAN,      ) CASE NO. C08-02424 EMC
                                 )
12      Plaintiff,                ) OPPOSITION TO MOTION TO DISMISS
                                 )
13      vs.                       ) Date: July 9, 2008
                                 ) Time: 10:30am
14 SAFECO INSURANCE COMPANY      ) Place: Room C
   OF AMERICA, a corporation,    )
15                               )
        Defendants.              )
16                               )
                                 )
17                               )
                                 )
18                               )
                                 )
19                               )
                                 )
20                               )
                                 )
21 _____/

22

23

24                              **INTRODUCTION**
25
        This is a contract and tort case against an insurance company that allegedly failed to
26
   pay for Plaintiff's damage resulting from fire. Plaintiff MACMILLAN filed an original
27
   Complaint against Defendant SAFECO INSURANCE COMPANY OF AMERICA in San
28
   Francisco Superior Court in November of 2007. Defendants recently removed the case to

federal court in May of 2008, and thereafter filed a Motion to Dismiss. Plaintiff recently filed an Amended Complaint with viable claims. Accordingly, Plaintiff MACMILLAN requests that this Court deny Defendant's Motion in its entirety.

## LEGAL ARGUMENT

**A.     LEGAL STANDARD ON MOTIONS TO DISMISS.**

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.1997); 5A Wright & Miller, Federal Practice and Procedure § 1357 (2d ed.1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Dismissal without leave to amend is appropriate only where a court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987).

**B.     PLAINTIFF MACMILLAN HAS VIABLE CONTRACT CLAIMS AGAINST SAFECO, AN AGENT AND POSSIBLE ALTER EGO**

In its Motion, Defendant argues that it is not a party to the insurance contract, and so it cannot be held liable for breach of the agreement. In plaintiff's First Amended Complaint, however, Plaintiff clearly alleges that Defendant Safeco is an agent of American Economy Insurance, the company whom Defendant alleges issued the policy. Plaintiff alleges:

> "Plaintiff is informed and believes and herein alleges that, at all relevant times, Defendant SAFECO was the agent or employee of American Economy Insurance. Plaintiff is informed and believes and herein alleges that, at all relevant times, Defendant SAFECO was the agent or employee of ServiceMaster. Plaintiff is informed and believes and herein alleges that, at all relevant times, Defendant SAFECO was the agent or employee of

1 | ServiceMaster of San Francisco/San Mateo."

2 | Additionally, Plaintiff alleges in paragraphs 19 and 24:

> "Defendant SAFECO was the authorized agent of American Economy Insurance at all times during its interaction with Plaintiff MAC MILLAN with regards to the fire on November 22, 2005."

In insurance claims, an interinsurance exchange is made up of subscribers (reciprocal insurers) who indemnify each other against losses. They appoint an attorney-in-fact to act on their behalf to execute insurance contracts on behalf of the exchange and to manage the business. At least one case holds that an holds that an agent who manages may be liable for tortious breach of the implied covenant of good faith and fair dealing:

> "If we were to ... adhere to the general rule that 'bad faith' liability may be imposed only against a party to an insurance contract, we would not only permit the insurer to insulate itself from liability by the simple technique of forming a management company, but we would also deprive a plaintiff from redress against the party primarily responsible for damages." [Delos v. Farmers Group, Inc. (1979) 93 Cal.App.3d 642, 652].

A more recent case holds that the agent is not liable for tortious breach of the implied covenant of good faith and fair dealing unless the conditions for "alter ego" liability (above) can be established. [*Tran v. Farmers Group, Inc.* (2002) 104 Cal.App.4th 1202, 1218–1219] In that case, "Farmers Insurance Group" was the attorney-in-fact (managing agent) for several reciprocal insurers; "Truck Underwriters Assn." was attorney-in-fact for another. All used the same general management. "Farmers" set the guidelines and determined which exchange would issue the policy. An agent of "Farmers" sold insurance to Insured. Before the policy was delivered, Insured suffered a major loss. Insured later received policies from both "Farmers" and "Truck" but neither provided the coverage she had paid for.

Insured proved a right to recover against both agents ("Farmers" and "Truck") on an alter ego theory even though the reciprocal insurers had adequate assets to satisfy Insured's claims: "When a reciprocal insurer functions as a mere instrumentality of an attorney-in-fact in the conduct of a unified insurance business, it would be inequitable to permit the attorney-in-fact to escape liability for breach of the covenant of good faith and fair dealing." [*Tran v. Farmers Group, Inc., supra,* 104 Cal.App.4th at 1220].

1   Here, Defendant SAFECO may be an agent acting as an "attorney-in-fact" executing
2   insurance contracts and managing business on behalf of American Economy Insurance.
3   Considering that SAFECO alleged hired and instructed ServiceMaster to deal with the fire
4   damage (see First Amended Complaint, Seventh Cause of Action), directed destruction of
5   Plaintiff' property (paragraph 47), and made oral promises about what would and would not
6   be covered by the insurance policy (paragraph 25), Defendant SAFECO appears to just the
7   kind of Defendant that the ruling in *Tran* would extend to for the purposes of liability.
8   Furthermore, if the managing agent and "attorney-in-fact" status is unclear, Plaintiff should
9   be given an opportunity to conduct discovery and/or amend the Complaint.

**B.  PLAINTIFF'S THIRD & FOURTH CAUSES OF ACTION FOR INTENTIONAL AND NEGLIGENT INTERFERENCE ARE VIABLE BECAUSE SAFECO INTERFERED WITH CONTRACT BETWEEN AMERICAN ECONOMY INSURANCE AND PLAINTIFF MACMILLAN.**

If the first and second contract causes of action cannot be maintained against Defendant Safeco because the Court finds that Safeco was not an "agent," then the third and fourth causes of action should remain because Plaintiff has alleged that Safeco interfered with the contract with American Economy Insurance. Plaintiff clearly alleges that Defendant Safeco engaged in the following conduct:

> "Despite knowing of this contract and existing business relationship, Defendant intentionally interfered with those contracts and business relationships by instructing ServiceMaster and ServiceMaster of San Francisco/San Mateo to destroy valuable inventory belonging to Plaintiff MAC MILLAN. Had Defendant not engaged in such conduct, Plaintiff could have more easily identified the value of the destroyed items."

Plaintiff acknowledges the holding in *Dryden v. Tri-Valley Growers* (1977) 65 Cal.App.3d 990, but also asserts that Defendant cannot have it both ways.

**C.  PLAINTIFF'S NEGLIGENCE AND NEGLIGENT SUPERVISION CLAIMS ARE BASED ON TORT, NOT CONTRACT.**

Defendants claim that Plaintiff's causes of action for Negligence and Negligent Supervision fail because of the holding in *Robinson Helicopter co., Inc., v. Dana Corp.,* (2004) 34 Cal.4th 979. In that case, the court held that a tort claims must be independent

Page -4-

from the contract. Plaintiff clearly meets that requirement, however, based on the allegations in his Complaint. Plaintiff alleges at paragraph 42 that Defendants engaged in the following conduct:

> "caused Plaintiff to be deprived of valuable and unique property which was supposed to be kept for safekeeping by Defendant SAFECO and its agent or employee, ServiceMaster and ServiceMaster of San Francisco/San Mateo."

Plaintiff also alleges that Defendants destroyed Plaintiff's property at paragraph 48:

> "breached their duty to exercise reasonable care and acted negligently and carelessly in supervision *by directing the destruction rather than preservation of Plaintiff's valuable and unique inventory.*"

These allegations go the heart of Plaintiff's allegations – the its important inventory was destroyed and improperly cared for, not just that the insurance company failed to properly compensate Plaintiff. Because the underlying issue is about property damage and failure to compensate due to such damage, Plaintiff's negligence and negligent supervision claims are viable as they have more to do with tortious conduct which is independent of the contract.

**D.     DEFENDANT HAVE NOT CONTESTED THE CAUSE OF ACTION FOR CONVERSION.**

While Defendant's Motion to dismiss the First Amended Complaint presumably applies to the entire Complaint, Defendant has failed to contest the Seventh Cause of Action for Conversion against Defendant Safeco.

### Conclusion

For the reasons set forth above, Plaintiff requests that this Court deny Defendants' Motion to dismiss.

Dated: June 18, 2008                THE REVELATION LAW FIRM

                                    *A Professional Corporation*

                                    By: _____/s/_____

                                    Melanie D. Popper, Esq.